Sharp v. Sproat.

---

No. 23,868.

T. A. SHARP and ETTA SHARP, *Appellees,* v. DEWEY SPROAT, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Automobile Driven at Dangerous Rate of Speed—Duty of Invited Guest to Protest—Contributory Negligence.* An invited guest riding in an automobile driven at an excessive and dangerous speed is required to exercise such care as is reasonable and practical to avoid injury to himself, and if he fails to warn the driver, remonstrate with him, or demand that the automobile be stopped so that he may leave it, or take any precaution for his own protection when there is time and opportunity to do so, no recovery can be had for injury sustained by him through the negligent operation of the car.

2. SAME—*Instruction Relative to Duty, of Invited Guest in Automobile.* In such a case the court should instruct the jury as to the duties which the law imposes upon and the care to be exercised by the guest for his own safety. It is not enough to instruct in general terms that he should act with ordinary care for his own safety where a request is made for an instruction as to what constitutes ordinary care on the part of the guest under the circumstances disclosed by the evidence.

3. SAME—*Contributory Negligence—Question of Fact.* As the automobile was only driven a short distance at a reckless speed before the accident occurred, and there was little time for the guest to observe the danger and protest or take other precautions for his own safety, it became a question of fact for the jury to determine whether there was time and opportunity to do so.

4. SAME—*Demurrer to Evidence Properly Overruled.* No error was committed in overruling the demurrer to plaintiff's evidence.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 8, 1922. Reversed.

*Thomas F. Doran,* and *Clayton E. Kline,* both of Topeka, for the appellant.
*John W. Newell,* and *William Wallace,* both of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: T. A. Sharp and Etta Sharp were the parents of Randall Sharp, who was killed in an automobile accident near Silver Lake. He was riding as a passenger in the automobile and the defendant was operating it at the time of the accident. Defendant and three others started from Topeka to attend a baseball game between the colleges of Washburn and St. Marys. Randall Sharp was a student at Washburn and a member of the baseball club. The players, including Sharp, were being conveyed in a truck to St. Marys and the truck had broken down near Silver Lake. When Sproat drove into Silver Lake he was requested to take some of the players to St. Marys. Sharp and one Erickson were taken into the Sproat car. After they left Silver Lake and had gone about one quarter of a mile the automobile was turned over and Sharp was killed. Sproat was driving the automobile at a speed of from forty-five to fifty miles per hour and had been driving at that rate of speed about one quarter of a mile. The two players with two others occupied the back seat of the automobile, and Erickson was holding Sharp on his lap when the accident occurred. The jury found that the speed was from forty-five to fifty miles per hour; that that speed had been maintained for about a quarter of a mile prior to the overturning of the automobile; that neither Sharp nor anyone else in the car protested against the rate of speed or requested the driver to slow up. The jury found in favor of the plaintiff, awarding damages in the sum of $4,500.

The principal ground of complaint is the instructions given and refused. The defendant insists that the instruction requested which

relates to contributory negligence should have been given. An instruction on the subject of contributory negligence was given as follows:

"It is claimed by the defendant in his answer that the deceased Randall Sharp was guilty of contributory negligence, in not making any protest against the speed at which the car was going, if there was excessive speed, or protest against the manner in which the car was operated, but that the deceased concurred and participated in the negligence of the defendant, if any there was, which the defendant denies. In this connection I will say to you that it was the duty of the deceased Randall Sharp to act with ordinary care under the circumstances, for his own safety, and if he was guilty of negligence which contributed to his injury and death, or if he concurred in the negligence of the defendant, if any, in a way which contributed to his injury, then the plaintiffs in this case can not recover, even though you find the defendant was guilty of negligence, as charged."

The instruction requested, upon the refusal of which error is assigned, reads:

"You are instructed that if you find from the evidence that Randall Sharp was a young man twenty years old, in the possession of all his faculties, and that at the time of the accident complained of he was riding in an automobile driven by the defendant at a dangerously high rate of speed, and that he had been riding in said automobile for a sufficient distance prior to the accident for him to become aware that said automobile was being driven at a high and dangerous rate of speed, and if you further find that Randall Sharp made no protest to the defendant against the high rate of speed of the automobile, and did not request the defendant to stop or slow down the car, then I instruct you that Randall Sharp was guilty of contributory negligence and the plaintiffs cannot recover in this action."

This instruction or one of similar import should have been given. In the one given, the court informed the jury that it was the duty of Sharp to act with ordinary care for his own safety and that if his negligence in that respect contributed to his injury and death, no recovery could be had although the defendant was also found to be guilty of negligence. The duty of a guest and the care to be exercised for his own safety under the circumstances were not stated. Before the jury could determine whether Sharp had exercised due care for his safety it was necessary that they should be informed and understand what duties the law imposes upon an invited guest while riding with a reckless or careless driver. The rules governing the duties of a guest and the precautions to be taken for his

own safety differ from those imposed upon the driver or one acting independently. It has been decided that:

"Where one person is riding with another for the mutual pleasure of both, with equal opportunity to see and ability to appreciate the danger, and is in fact looking out for herself but makes no effort to avoid the danger, she is chargeable with the want of care which results in injury." (*Bush v. Railroad Co.*, 62 Kan. 709, syl. ¶ 3, 64 Pac. 624.)

In speaking of the kind of care which one who is riding with a reckless driver or in an automobile known to be unsafe should exercise, it was said:

"If in starting upon a trip he discovers that the driver is running the car recklessly it may devolve upon him to insist that the driver shall stop the car and allow him to alight or to take some suitable steps for his own protection, and if he failed in this regard he might be denied a recovery for injuries subsequently sustained." (*Anthony v. Kiefner*, 96 Kan. 194, 200, 150 Pac. 524.)

In a later case, where a person who was riding with an owner and driver of a car was injured at a railroad crossing and neither of the occupants of the car had taken proper precautions for their own safety, it was said:

"A mature person who attempts to cross an interurban railroad track without taking any precautions for his own safety, while riding in an automobile with another, who is driving, cannot recover damages for injuries sustained in a collision with a car on the track, when by looking he could have seen the approaching car in time to have warned the driver of the danger." (*Kirby v. Railway Co.*, 106 Kan. 163, syl., 186 Pac. 744.)

In *Knight v. Railway Co.*, 111 Kan. 308, 206 Pac. 893, a mature person riding in an automobile driven by the owner sustained injuries in a collision at a railroad crossing and it was decided that if she had failed to look for an approaching car and could have seen it in time to have warned the driver, she was guilty of contributory negligence that barred a recovery. In another crossing case where a person was riding in an automobile driven and controlled by another, and who had sustained injuries in a collision with a railroad train, a question arose as to whether due care had been taken by him, and while it was determined that it could not be decided as a matter of law that the plaintiff was negligent in failing to see that the automobile was stopped before attempting to cross the railroad tracks, it was decided that he was charged with the duty of looking out for his safety so far as practicable, the court saying:

"The plaintiff however was under a positive duty to take reasonable precautions for his own safety. Whatever else this may have involved, it required him to keep an outlook for a train, particularly on his side of the car and to give the driver notice as soon as he discovered one." (*Kessler v. Davis*, 111 Kan. 515, 517.)

These authorities show that a guest or invitee riding in an automobile with a reckless driver is required to exercise reasonable care for his own safety and that if he fails to exercise such care to avoid injury to himself he cannot recover. What was the duty of the guest, and what care should he have exercised under the circumstances? These were vital questions in the case and the jury needed the advice of the court as to the duties imposed upon the invited guest and the care which was required of him when riding in an automobile at a dangerous speed. He certainly is required to do whatever is reasonably necessary to avoid injury to himself. If he had time and opportunity to do so he could have warned the driver, could have protested against the excessive speed or have asked the driver to stop and allow him to leave the automobile. Whether a warning protest or request would have been heeded by the defendant is questioned, but whatever the effect would have been, as the danger was obvious, it was the duty of Sharp at least to remonstrate against the dangerous speed or insist that he be allowed to leave the car if there was time to do so after the danger became apparent. In *White v. Portland Gas & Coke Co.*, 84 Ore. 643, the court, while stating that a rule applying to every case of this kind could not be laid down, said:

"It is plain, however, that an invited guest is not to be supine and inert as mere freight. Accepting the hospitality of his friend does not excuse him from the duty of acting for his own safety as a reasonably prudent person would under like conditions." (p. 651.)

The same rule was declared in *Atwood v. Railway Co.*, 44 Utah, 366, as follows:

"Of course every one who may be riding in a vehicle, whether as a passenger, invitee, or otherwise, must always exercise ordinary care and prudence to avoid injury to himself, and to that end, in case of imminent danger, must leave the vehicle in case such a course is practical and necessary to avoid injury. Again, he may not sit silently by and permit the driver of the vehicle to encounter or enter into open danger without protest or remonstrance and take the chances, and, if injured, seek to recover damages from the driver of the vehicle or from the one whose negligence concurred with that of the driver's, or from both." (p. 374.)

A like view was taken in *Hardie v. Barrett*, 257 Pa. St. 42, where the court remarked:

"The rule is well established that when possible dangers arising out of the negligent operation of a hired vehicle or a conveyance in which one is riding as an invited guest are manifest to a passenger who has any adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar recovery." (p. 46.)

Of course Sharp could only be held for his personal negligence, and whether or not in the exercise of ordinary care he had time and opportunity to give a warning, make a protest or take other precautions to avoid injury to himself, was a question of fact for the jury. It is earnestly urged that the distance traveled at an excessive speed was so short and the time that elapsed in going the short distance was so brief that it gave Sharp little if any time to caution the defendant or remonstrate with him as to the reckless speed. The distance traveled after Sharp entered the car was only about half a mile, and the jury found that the car had only been driven at the speed of forty-five to fifty miles an hour for a distance of a quarter of a mile. The time for protesting against the reckless driving was very short but it cannot be said as a matter of law that there was not sufficient time for protest after the danger was or should have been realized by Sharp. Whether there was time and opportunity for one riding in a back seat of an automobile to observe the danger and remonstrate with the driver or to take other precautions to avoid the danger was a question of fact for the jury to determine after the court had given instructions as to the duty of a guest to exercise reasonable prudence for his own protection. The instruction requested was a fair statement of the governing rule in such a case and it or one embodying the same rule should have been given to the jury.

Under the evidence Sharp cannot be regarded as having been engaged in a joint adventure with the defendant and others and hence there was no error in overruling the demurrer to plaintiff's evidence. (*Kessler v. Davis, supra.*)

For the error mentioned in charging the jury the judgment is reversed and the cause remanded for a new trial.

MARSHALL, J.: Dissenting.

WEST, J.: (dissenting): When Sharp was killed the car had been running at 45 to 50 miles an hour for only a quarter of a mile. The

mathematics of this situation shows that counting the speed at 45 miles an hour he had 20 seconds in which to ascertain his danger and go through the manifestly useless operation of warning the driver to slow down. To my mind this is too infinitesimal to require giving the requested instruction. Moreover, I regard the one which the trial court gave as proper and sufficient.