No. 24,898.

E. W. NAGLO, *Appellant,* v. A. C. JONES, *Appellee.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Owner Driving Car at Dangerous Rate of Speed—Failure of Invitee to Take Any Precaution for His Own Safety Bars His Recovery.* An invitee riding in an automobile driven by the owner at an obviously dangerous speed, must exercise ordinary care for his own safety, and if he fails to warn the driver, remonstrate with him or demand that he be given an opportunity to leave the car, and does not take any precaution for his own safety, cannot recover for the negligent operation of the car by the driver.

2. SAME—*Evidence—No Excuse for Negligence of Invitee.* The fact that the invitee was a mechanic on his way to the driver's farm to repair a machine for him, did not excuse the invitee from taking measures for his own protection.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 12, 1924. Affirmed.

*Z. Wetmore, Fred Hinkle, George M. Ashford,* all of Wichita, *W. H. Vernon, jr.,* and *J. S. Vernon,* both of Larned, for the appellant.

*William Keith,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: E. W. Naglo, who was riding in an automobile driven by A. C. Jones, was injured when the car was driven into a ditch, capsized and wrecked. In this action the claim of the plaintiff is that Jones negligently drove the car at a dangerous rate of speed, a rate in excess of fifty miles per hour, and that by reason of his negligence the plaintiff was severely injured and is entitled to recover the damages sustained, which is alleged to be $15,000.

When the plaintiff's evidence was concluded a demurrer to it was sustained, the jury discharged, and judgment given for defendant. Plaintiff appeals and insists that his evidence established a *prima facie* case and should have been submitted to the jury under proper instructions.

The substance of the evidence produced was that Jones, who was operating a farm near Rozel, about twenty miles from Larned, came to Larned where Naglo was engaged in repairing tractors and automobiles and procured him to go out to the farm and repair a tractor. He proposed to pay Naglo $1 per hour from the time they left the shop in Larned until they returned and that he would take Naglo in his Buick car to the farm and back again. The offer was accepted and they started on the trip. After they passed beyond the limits of the town, Jones began driving the car at a speed of about forty-five miles per hour. At one place on the road the car was driven too close to the edge of the road and Jones in pulling it over caused the car to skid somewhat. Later, when the car was speeded up to about sixty miles per hour, it was again driven too close to the side of the road and when Jones turned the wheel to bring it into the road, it skidded into the ditch and was wrecked.

Although Naglo alleged in his petition that he remonstrated with Jones against the reckless driving, he conceded in his testimony that he did not protest or remonstrate as to the excessive speed or manner of driving. On the contrary he admitted that he uttered no word of warning or protest and did not because as he said Jones was an older man than himself and was supposed to know his business. He further stated that he "did not want to bother him, because a man driving at that speed hadn't ought to be bothered." Naglo was forty-three years of age, an automobile mechanic, was accustomed to riding fast in automobiles, and stated that he had driven an automobile at a speed of sixty-five miles per hour, and that it was not unusal for him to drive at that speed. The plaintiff recognizes the force of the rule that a guest riding in an automobile driven at an excessive speed is required to exercise reasonable care to warn the driver, remonstrate with him or demand that the automobile be stopped when there is time and opportunity to do so, and if this is not done that no recovery can be had for injuries sustained through the negligent operation of the car, but he contends that he was not a guest but should be regarded in the light of a servant subject to the control of his master. There can be no

question of the defendant's negligence, and if the plaintiff had taken the precautions and performed the duties which the law imposes on him, there would be no doubt of the defendant's liability to him. As was determined in *Sharp v. Sproat,* 111 Kan. 735, 208 Pac. 613, an invitee riding in an automobile must exercise ordinary care to avoid injury to himself. If the driver runs his car at a reckless rate of speed and thus encounters an obvious danger, it is the duty of the invitee, when the danger becomes apparent, to take precautions for his own safety. He must remonstrate and if necessary ask for an opportunity to leave the car. If he sits silent and permits the driver to rush recklessly on at a dangerous rate of speed, knowing the danger, and fails to protest or remonstrate, he takes the chances of injury and cannot recover for one which results from the manifest negligence of the driver.

The contention of the plaintiff that he was a servant of the defendant and was in such a state of subserviency to him that he was excused from warning the defendant or protecting against his obvious negligence by leaving the car or taking other steps for his own safety, cannot be upheld. There was no subserviency or servility in his relations to the defendant that made it impossible or improper to remonstrate with him for endangering the life or limb of plaintiff. Plaintiff was as free to act for his own safety as if the defendant had brought his tractor to plaintiff's shop and he had been injured through the negligence of the defendant. He was familiar with the operation of automobiles, had frequently driven them at a rate of sixty-five miles per hour, the car in which he was riding had swayed and skidded once before the accident occurred, he had ample warning of danger and opportunity to do something towards his own protection. We think the court correctly held that the plaintiff was barred from a recovery.

Judgment affirmed.