No. 28,051.

LLOYD COOK, *Appellee*, v. J. A. VAUGHAN, *Appellant*.

(274 Pac. 204.)

Opinion filed February 9, 1929.

*L. A. Hasty, Robert R. Hasty* and *George E. Hasty,* all of Wichita, for the appellant.

*Paul Brown* and *Silas S. Brown,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries sustained in an automobile collision at a highway intersection alleged to have been caused by defendant's negligence. The jury answered special questions and returned a general verdict for plaintiff. Defendant has appealed.

Appellant's principal contention is that plaintiff was guilty of contributory negligence which, as a question of law, barred his recovery. Under the facts in this case this contention is so lacking in merit as hardly to be a good talking point. The facts tending to support the verdict, as disclosed by the record and found by the jury, may be stated briefly as follows: The plaintiff, Lloyd Cook, attended a neighborhood entertainment at a country school. Toward evening he desired to go home to do his chores and return. He was invited to ride home with a neighbor, Mrs. Myler, and got in the rear seat of the car with an uncle of Mrs. Myler's. Mrs. Myler was driving the car, and on the front seat with her were her two boys. The car was a 1912 model T Ford touring car without a top. At least one cylinder was missing. Its maximum speed was about 15 miles per hour. They had left the little town of Andover and were driving east on what is spoken of as the Thirteenth street road. This intersects with a much-traveled north-and-south road. The

fence at the north and west of this intersection is hedge and was trimmed back as much as 200 feet from the corner. Just before going into the intersection both the plaintiff and Mrs. Myler looked to the north and saw what proved to be defendant's car about 200 yards north of the intersection, and approaching. Neither the plaintiff nor Mrs. Myler anticipated any difficulty in crossing the intersection without a collision with defendant's car. Mrs. Myler drove into the intersection at a speed of perhaps ten miles per hour. When she reached the center of the intersection she looked again to the north and saw defendant's car much closer to the intersection; observed it was traveling at a high rate of speed and on the east, or the driver's left side, of the highway. Mrs. Myler put on a little more gas to hurry across the intersection. The collision occurred near the east line of the north-and-south road. Defendant's car struck the left front portion of the Myler car with such force as to crush the wheels over to the side so that the wheel cap of the right front wheel was lying on the ground. The Myler car was dragged or pushed to the south, or southeast, and defendant's car passed on through a fence and stopped in a field southeast of the intersection. Plaintiff was severely injured. The jury found that the Myler car was five or six feet from the intersection when plaintiff first saw the defendant's car, which was then 200 yards north of the intersection; that the Myler car was then traveling from 10 to 14 miles per hour, and defendant's car at 35 miles; that when plaintiff saw defendant's car he said nothing to Mrs. Myler and did nothing himself to avoid a collision. Appellant argues that if plaintiff was the invited guest of Mrs. Myler he was still under the duty of using due care for his own safety, citing *Sharp v. Sproat,* 111 Kan. 735, 208 Pac. 613; *Naglo v. Jones,* 115 Kan. 140, 222 Pac. 116, and allied cases. But it is quite clear these cases have no application to the facts here. Plaintiff had no reason to anticipate that Mrs. Myler would not have ample time to cross the intersection without being run into by defendant's car. It is true the jury found that the Myler car approached this intersection at from 10 to 14 miles per hour, which is a speed in excess of 8 miles per hour authorized by statute for the crossing of intersections of highways (R. S. 8-122; Laws 1925, ch. 84), but it is clear that this difference in speed, under the facts in this case, was not a contributing cause of the casualty. The testimony in behalf of plaintiff was that the collision

occurred east of the center of the intersection, and the physical facts clearly demonstrate that. It necessarily follows that if defendant had been driving on his own right side of the road he would have passed behind the Myler car without a collision. The tracks of defendant's automobile, examined when they were fresh, showed that his car was on the east, or his left, side of the road, and that when they neared the intersection they turned further to the east.

It is true that evidence on behalf of defendant tended to controvert some of the facts above stated, but in so far as the facts were controverted the jury and trial court have settled such controversy, and it would appear from the reading of this record that they settled it in the only reasonable way that could be done.

There is no error in the record, and the judgment of the court below is affirmed.