No. 36,952

RALPH HENDERSON and FAE HENDERSON, *Appellees,* v. NATIONAL MUTUAL CASUALTY COMPANY, and LEE N. GUTHRIE, doing business as GUTHRIE TRUCK LINE, *Appellants.*

(187 P. 2d 508)

Opinion filed December 6, 1947.

*J. B. McKay,* of El Dorado, argued the cause, and *Clem H. Silvers,* of El Dorado, was with him on the briefs for the appellants.

*Homer V. Gooing,* of Wichita, argued the cause, and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Manford Holly,* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by parents to recover damages for the wrongful death of their son, Norval Henderson, a single man, resulting from an automobile collision at night between the car in which he was a passenger and an object parked on the highway.

No administrator had been appointed for the decedent's estate. Plaintiffs were alleged to be the parents of the deceased and his next of kin.

Defendants were Lee N. Guthrie, doing business as the Guthrie Truck Line, and National Mutual Casualty Company, a corporation, his insurance carrier.

Defendants appeal from an order overruling their general demurrer to plaintiffs' third amended petition. We shall refer to the appellees as plaintiffs and to the appellants as defendants when referred to collectively, and as National and Guthrie, respectively, when referred to separately.

In order for National to be liable the petition must, of course, state a cause of action against the principal, Guthrie. Only if it does so need we consider the sufficiency of the petition against National. Does it state a cause of action against Guthrie?

Plaintiffs' son, for whose death recovery of damages is sought, was a passenger in a car driven by a third party. A collision occurred at night between that car and an object left situated on a public highway by Guthrie in the operation of his truck. The petition denominated the object as a "spudder trailer." Defendants contend the third amended petition discloses on its face the deceased passenger was guilty of contributory negligence as a matter of law.

The first three petitions were challenged by motions to strike and to make definite and certain. Upon careful examination of those petitions and rulings on the various motions leveled against them we have concluded that in order to determine the correctness of the ruling on the general demurrer to the third amended petition it is not necessary to set forth the various petitions, the motions and the rulings thereon. Many, if not most portions, of the motions were sustained. We think plaintiffs reasonably complied with the trial court's rulings in framing the subsequent petitions.

Ordinarily a party is not permitted to file successive motions seeking the same relief after the first motion has been overruled but must include all such requested relief in his first motion. A second motion under such circumstances ordinarily may be filed only after first obtaining leave of court. (*Adams v. Lockwood, Englehart & Co.*, 30 Kan. 373, 2 Pac. 626.) Plaintiffs state such leave was not obtained and argue the subsequent motions should not have been permitted. We fail to find plaintiffs presented that contention to the trial court. Moreover, in view of all the petitions, motions and rulings thereon it is not entirely clear the rule now stressed by plaintiffs would have been properly invoked against defendants in this case. At any rate we prefer to determine this case on more fundamental issues.

Defendants concede contributory negligence is a defense which ordinarily must be pleaded but contend a petition is demurrable when it discloses on its face the person in whose behalf recovery is sought was guilty of contributory negligence, citing *Horton v. Atchison, T. & S. F. Rly. Co.*, 161 Kan. 403, 168 P. 2d 928; *Atherton v. Goodwin*, 163 Kan. 22, 180 P. 2d 296; and other cases. That is a correct statement of the rule.

The question is did the last petition disclose such contributory negligence? Defendants contend it did and in aid of such construction of the petition they apply the recognized rule that where material parts of a petition are properly attacked by a motion to make them definite and certain and the motion is successfully resisted the petition, as to such parts, is thereafter subject to critical analysis and must be strictly construed against a plaintiff when subsequently tested by a general demurrer, citing *Meade v. City of Coffeyville*, 152 Kan. 799, 107 P. 2d 711; *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 157 P. 2d 822; and other cases. The foregoing rule is bottomed on our civil code. It requires a petition to state the facts constituting the cause of action in ordinary and concise language, without repetition. (G. S. 1935, 60-704, *Second.*) In order to insure such a pleading the code further provides that where the allegations of a petition are so indefinite and uncertain that the nature of the charge or defense is not apparent, the court or judge may require them to be made definite and certain. (G. S. 1935, 60-741.) In this state, however, the rule of strict construction on demurrer does not apply if the petition when challenged by motion to make definite and certain *fairly apprises* the adversary what the claim is to be. (*Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590; *McCroskey v. Manufacturing Co.*, 112 Kan. 434, 211 Pac. 133.)

The ultimate question, therefore, is whether material portions of petitions challenged by motions to make definite and certain fairly apprised defendants of the nature of plaintiffs' claim. If they did the motions were properly overruled and plaintiffs are entitled to have the third amended petition liberally construed in their favor. On the other hand, if such portions of the petitions did not fairly apprise defendants of plaintiffs' claim the third amended petition should be strictly construed against plaintiffs.

In view of the fact various portions of motions to preceding petitions were sustained and plaintiffs complied with the rulings thereon in subsequent petitions, the real basis of defendants' complaint rests in the order overruling that part of their motion to make definite and certain paragraph 5 of the second amended petition, that being the last petition challenged by motion. The fifth paragraph of the second amended petition was substantially the same as the fifth paragraph of the third, or last, amended petition except for the italicised sentence which plaintiffs inserted in the last amended petition in compliance with the ruling on defendants' motion. With that

explanation and for simplification we shall, therefore, set out paragraph 5 of the third amended petition, against which petition the demurrer was lodged. For a fuller understanding of the material facts pleaded we shall, however, also copy paragraph 4 of the third amended petition. Those paragraphs read:

"4. On or about the 9th day of September, 1945, the defendant Lee Guthrie was operating a 1936 I. H. C. truck and spudder trailer on the highways of the state of Kansas. Upon and attached to said spudder trailer was a certain 45 C Star Spudder. Said Star Spudder was a heavy piece of oil field equipment 13 feet 6 inches high, 10 feet wide and 10 tons in weight. Plaintiff does not know whether the said spudder trailer was designed or used, on other occasions, for carrying persons or property other than said spudder and does not know whether the said spudder was at the time of said collision so integrally attached to said spudder trailer that said spudder trailer might be described as being the running gear and wheels of the said spudder. Plaintiff does not know the names or identity of the owner or owners of the said spudder trailer or of the cargo being carried on said spudder trailer but has been informed that said cargo was owned by a partnership doing business under the name of the Leo Drilling Company, the members of which partnerships are unknown to this plaintiff. Said cargo was being transported by the defendant Lee Guthrie either as a public motor carrier of property or a contract motor carrier of property. The said truck and spudder trailer was being driven from a point near Rosalia, Kansas, to a point near Moline, Kansas, and at approximately 11:00 a. m. o'clock of said day the said truck and spudder trailer reached a point approximately one-half mile west of the intersection of Highways Nos. 96 and 99, in Greenwood County, Kansas, which is a point approximately one mile north and one-half mile west of Severy, Kansas. At the time and place in question and at all other times herein material the truck and spudder trailer was under the control of and was being operated by the defendant Lee N. Guthrie, either acting for himself or by and through some agent or agents whose name or names are to the plaintiffs unknown, but are well known to the said defendant Lee N. Guthrie, and at all times herein material the said agent or agents was or were acting within the course and scope of their employment. When the truck and spudder trailer reached the point above described it was permitted to come to a stop on the highway and thereafter the said spudder trailer was left continuously on said highway until after the occurrence of the collision hereinafter described. Plaintiff does not know whether the said truck was standing on the highway at the time and place of the collision. Said spudder trailer was left on the highway in such a manner as to completely block the right hand side thereof and to partially block the left hand side thereof. No warning devices of any kind were placed upon the highway to warn approaching drivers of the obstruction thereon.

"5. At approximately 8:35 p. m. of said day Norval Henderson, now deceased, was a passenger in an automobile being driven by one Dale Mast in an easterly direction on said highway No. 96, and when the said automobile in which the said Norval Henderson was a passenger approached the point

where the spudder trailer was located on said highway the said Dale Mast and the said Norval Henderson, now deceased, became blinded by the lights of an approaching automobile and, being so blinded by the lights of the approaching automobile as above alleged, the said Dale Mast drove his said automobile into the rear of the spudder trailer, causing the said Norval Henderson's injuries, which resulted in his death on the 15th day of September, 1945. Plaintiff does not know how far the said automobile in which the deceased was a passenger was from the point where the spudder trailer was stopped on said highway when the deceased and Dale Mast first became blinded for the reason that the deceased and Dale Mast at no time were able to see the spudder trailer on said highway, and there is no way of computing said distance other than to allege that the said automobile was being driven at a speed of approximately 35 to 40 miles per hour, and the driver of said automobile and the deceased were blinded for a space of several seconds. *Plaintiffs are unable to state the exact number of seconds the driver and the deceased were blinded but allege that it was not more than ten seconds and not less than three.* Plaintiffs further allege that said trailer was dark in color, was covered with mud and oil, had no lights burning thereon and was so situated on a slope of the highway that it could not be seen by approaching traffic at night until such traffic, and particularly the automobile in which the deceased was a passenger, reached a point approximately 100 feet to the west thereof, and was so colored and so situated that approaching traffic, and particularly the driver of the car in which the deceased was a passenger and the deceased, could not see said spudder trailer at all when blinded as above alleged by the headlights of oncoming traffic." (Our italics.)

Defendants' motion to make paragraph 5 of the second amended petition more specific, definite and certain, which was overruled, was as follows:

"By stating in Paragraph 5 *how* it is claimed the trailer was 'situated' on a slope of the highway, and *why* it is claimed that the trailer could not be seen 'by approaching traffic at night until such traffic, and particularly the automobile in which the deceased was a passenger, reached a point approximately 100 feet to the west thereof,' and *why* it is claimed that the trailer was 'so situated' that it could not be seen at all 'when blinded as above alleged by the headlights of oncoming traffic.'" (Our italics.)

The petition alleged facts which fairly apprised defendants *how* it was claimed the trailer was situated (paragraph 4) and *why* it was claimed it could not be seen (paragraph 5). It seems to us further allegations as to such matters might easily become argumentative and might also tend to constitute the pleading of evidence. We think the trial court did not err in overruling the motion.

In paragraph 7 of the second amended petition plaintiffs listed eight separate and distinct acts of alleged negligence. The ninth subparagraph was:

"In failing to operate and maintain said trailer in such a manner as to respect the rights of other vehicles upon said highway."

Defendants moved to strike all nine grounds and in the alternative that if the ninth ground was not stricken plaintiffs be required to allege specifically in what manner it was claimed defendants failed to respect the rights of other vehicles upon said highway. The motion was overruled. The motion might have been sustained as to the ninth subparagraph but we fail to see how failure to sustain defendants' motion thereto could result in prejudice to defendants after the specific acts of alleged negligence had been listed in the preceding subparagraphs. All other portions of defendants' motion to strike or to make the second amended petition definite and certain were sustained.

Considering all motions and all rulings thereon we think the third amended petition fairly apprised defendants of plaintiffs' claim and that defendants were not entitled, on demurrer, to have that petition strictly construed against plaintiffs.

Did the third amended petition state a cause of action for the wrongful death of Norval Henderson, a passenger? Defendants, in substance, contend it did not because it disclosed on its face the driver of the car did not articulate his speed with his ability to see and stop or turn aside before striking an object ahead of him and that it likewise disclosed the passenger was guilty of contributory negligence as a matter of law. In support of the contention as it pertains to the driver of a car defendants cite: *Giles v. Ternes*, 93 Kan. 140, 143 Pac. 491; *Fisher v. O'Brien*, 99 Kan. 621, 162 Pac. 317; *Haines v. Carroll*, 126 Kan. 408, 267 Pac. 986; *Jones v. Atchison, T. & S. F. Rly. Co.*, 129 Kan. 314, 282 Pac. 593; *Webb v. Lipperd*, 134 Kan. 764, 8 P. 2d 381; *Chance v. Murry*, 143 Kan. 476, 54 P. 2d 981; *Berry v. Weeks*, 146 Kan. 969, 73 P. 2d 1086; *Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903; *Goodman v. Wisby*, 152 Kan. 341, 103 P. 2d 804; *Harrison v. Travelers Mutual Cas. Co.*, 156 Kan. 492, 134 P. 2d 681; *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 157 P. 2d 822; *Towell v. Staley*, 161 Kan. 127, 166 P. 2d 699; *Drennan v. Penn. Casualty Co.*, 162 Kan. 286, 176 P. 2d 522.

With respect to the duty of a passenger, guest or invitee defendants cite *Sharp v. Sproat*, 111 Kan. 735, 208 Pac. 613; *Naglo v. Jones*, 115 Kan. 140, 222 Pac. 116; *Ferguson v. Lang*, 126 Kan. 273, 268 Pac. 117.

It will serve no useful purpose to again review the particular facts

and circumstances of all these cases. The principle involved, with respect to a driver, has received our studious recent attention as disclosed by the majority and dissenting opinions in the Towell and Drennan cases, *supra,* in which most, if not all, of our previous cases were reviewed and distinguished. It is well to state that in the last two cases members of the court differed only as to whether the evidence disclosed a sudden blinding but did not differ as to the effect of actual sudden blinding for which the driver was not responsible. The court has on numerous occasions carefully distinguished between deliberate and voluntary driving in rain, mist, fog, dust, smoke or into blinding lights, after the driver knew he could not see, and those situations where the driver's vision was suddenly impaired or destroyed or where he was suddenly confronted with an object which, in the exercise of reasonable diligence, could not reasonably have been anticipated. (*Meneley v. Montgomery,* 145 Kan. 109, 113, 64 P. 2d 550; see, also, list of cases dealing with exceptions to the general rule in the Goodman case, *supra,* pp. 344, 345; Towell case, *supra,* pp. 135, 144; Drennan case, *supra,* pp. 289, 292; Harrison case, *supra,* pp. 499-500; *Revell v. Bennett,* 162 Kan. 345, 351, 176 P. 2d 538.) This list is not intended to be complete.

The question whether the petition states a cause of action on behalf of the driver of the car is not now before us. No question of joint enterprise is presented by the petition. We therefore have no question of imputed negligence. Of course, a passenger or guest is required to exercise reasonable care and diligence for his own safety under all the facts and circumstances in the particular case. He may, under circumstances, if they permit, be required to warn the driver of the danger. (*Curtiss v. Fahle,* 157 Kan. 226, 238, 139 P. 2d 827, and cases *supra* cited by defendants.)

The ordinary presumption is that a deceased person exercised reasonable care for his safety. (*Cruse v. Dole,* 155 Kan. 292, 297, 124 P. 2d 470; *Smith v. Bassett,* 159 Kan. 128, 152 P. 2d 794, and cases therein cited.) The instant petition does not rebut that presumption. While the evidence in the case may show an entirely different situation we, on demurrer to the petition, must indulge the presumption that the decedent exercised due diligence for his own safety including a warning to the driver that he (the passenger) was blinded. (*Cruse v. Dole,* supra, p. 297.) Under such circumstances we cannot say the petition discloses decedent was guilty of contributory negligence as a matter of law.

Under allegations of fact it was not imperative that the blinding should be labeled as sudden. It was sufficient when the facts pleaded showed a sudden blinding. Defendants remind us that in *Eldredge v. Sargent*, 150 Kan. 824, 96 P. 2d 870, we commented on the fact plaintiff had not pleaded an emergency and that none is pleaded in the instant case. The trouble with the contention is the evidence in the Eldredge case showed that no emergency existed and we merely stated that neither was an emergency pleaded. Under the facts pleaded in the instant case that cannot be said on demurrer to the petition.

Did the petition state a cause of action against National? Defendants contend it did not. They insist the so-called spudder trailer is not a trailer and cite G. S. 1945 Supp. 8-501 which defines a trailer thus:

"Every vehicle without motive power designed for carrying persons or property and for being drawn by a motor vehicle, and so constructed that no part of its weight rests upon the towing vehicle."

Defendants do not contend that *trailers* owned by Guthrie and used by him pursuant to the certificate or permit from the state corporation commission are not covered by the National policy. They, however, contend the spudder is not a trailer, was not owned by Guthrie, the *spudder* was not being operated by him pursuant to the certificate and that the *spudder* was not designed to carry persons or property but that the spudder itself was the cargo that was being towed.

On the other hand, plaintiffs claim the spudder was a specialized type of trailer. They insist that irrespective, however, whether such machinery may be classified as a trailer National is nevertheless liable for Guthrie's negligent operations as a carrier which resulted in Norval Henderson's death. Both their second and last amended petitions alleged Guthrie was operating the equipment pursuant to the motor carriers' statute of Kansas and in compliance with the provisions of G. S. 1935, 66-1,128 and amendments thereto; that National had issued its policy of liability insurance, which was filed and accepted by the corporation commission. A copy of an endorsement on the policy was attached which expressly stated National had issued the public liability policy pursuant to the requirements of G. S. 1935, 66-1,128 and as amended. The demurrer, of course, admits the allegation that Guthrie was operating subject and pur-

suant to the public liability provisions of the statute. The pertinent part of G. S. 1935, 66-1,128 provides:

"No certificate or license shall be issued by the public service commission to any 'public motor carrier of property,' 'public motor carrier of passengers,' 'contract motor carrier of property or passengers' or 'private motor carrier of property,' until and after such applicant shall have filed with, and the same has been appoved by, the public service commission, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved, *which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier.*" (Our italics.)

The petition alleged the policy was approved by the state corporation commission. Guthrie, the carrier, of course, obtained the benefit of such approval by being granted a certificate, or permit, to operate. The obligation of National, the insurer, was that prescribed by the statute and the statute is a part of the policy. (*Dunn v. Jones*, 143 Kan. 218, 53 P. 2d 918; *American Casualty Co. v. Southern Stages, Inc.*, 70 Ga. App. 22, 27 S. E. 2d 227.)

Guthrie was operating his truck pursuant to the policy and permit. Injury was alleged to have resulted from the negligent operations of Guthrie in transporting the spudder over the highways of the state and leaving it standing thereon in a position of danger to the traveling public. The petition stated a cause of action against National on the theory of negligence.

Having thus concluded we need not determine whether the spudder constituted a trailer in contemplation of our statutes. Persons interested in the subject will find aspects of it discussed in *Coleman Bros., Inc., v. Union Street Ry.*, 292 Mass. 557, 198 N. E. 917; *Moffitt v. State Automobile Ins. Ass'n*, 140 Neb. 578, 300 N. W. 837.

The order of the district court overruling the demurrer is affirmed.