No. 38,137

RENOLDA MOST, *Appellant,* v. FRANCIS HOLTHAUS, *Appellee.*

(227 P. 2d 144)

Opinion filed January 27, 1951.

*Edward H. Sondker,* of Topeka, argued the cause and *Gordon D. Danielson,* of Topeka, and *Harry A. Lanning* and *William M. Drumm,* both of Seneca, were with him on the briefs for the appellant.

*Walter T. Griffin,* of Marysville, argued the cause, and *Kenneth V. Moses,* of Marysville, and *John D. Cunningham,* of Seneca, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for personal injuries sustained by the plaintiff in a collision between two automobiles at the intersection of two public highways. The appeal is from an order sustaining a demurrer to plaintiff's evidence.

Except as they define the issues the pleadings are of no importance and can be briefly summarized. All that need be said with respect to them is that the petition charges the proximate cause of the injuries sustained by the plaintiff in the collision at the highway intersection was the negligence of defendant in driving his motor vehicle upon the highway and into such intersection, that the answer

states such injuries resulted from plaintiff's contributory negligence and that the reply denies the allegations of the answer.

With the issues joined as above stated the cause came on for trial by a jury. The plaintiff adduced her evidence and rested. Thereupon the defendant demurred to plaintiff's evidence on the sole ground it disclosed she was guilty of contributory negligence which barred her recovery. Thereafter the trial court sustained such demurrer and rendered judgment holding that it found as a conclusion of law from plaintiff's most favorable evidence that she was guilty of contributory negligence barring her recovery in the action. Plaintiff then perfected this appeal, her only assignment of error being the trial court erred in sustaining the demurrer on the evidence and facts presented and the law applicable thereto.

In relating the evidence and discussing the issues we shall refer to the parties in this opinion as they appeared in the court below.

The general factual picture disclosed by the evidence, omitting for the moment versions of the plaintiff and her driver as to how the accident occurred, can be related as follows:

Approximately seven miles north of Centralia there is an intersection of two public highways. The east and west highway is about 20 feet wide and the highway leading north out of Centralia is about 28 feet wide. Neither of such highways is protected by stop signs. A wide rounding corner, immediately south of the intersection, permits traffic approaching from the south to turn to the east and enter upon the east and west highway at a speed of thirty miles an hour.

On June 11, 1949, the weather was clear and both highways were dry. At about 1:30 p. m. on such day the plaintiff and Mrs. Robert Hatch, residents of Centralia, left that city on the north and south highway for the purpose of going to Seneca on a shopping expedition in an automobile driven by Mrs. Hatch, who had invited the plaintiff to make the trip as her guest. About the same time the defendant was driving his automobile, to which was attached a two wheel trailer with a stock rack, in an easterly direction on the east and west highway. The drivers of both vehicles approached and entered the intersection without stopping with the result a collision occurred in which the plaintiff was seriously injured.

We turn now to particular evidence on which error assigned as ground for reversal of the judgment must stand or fall.

Testifying as a witness in her own behalf plaintiff stated that she first saw defendant's car when it was about 125 feet west of the

intersection and the car in which she was riding was about 150 feet from the intersection at a time when her car was traveling between 30 and 35 miles per hour; that at such time she said "Oh" and thereafter did nothing more; that she was able to see defendant's car from the time she first observed it until it entered the intersection and noticed that he was on the wrong side of the highway looking north, paying no attention to the automobile approaching from the south and that he did not apply his brakes or slow down prior to the collision; that defendant's car entered the intersection first and that the impact between the two cars took place in the northeast corner of such intersection. She also stated she was familiar with the roads on which all parties were traveling and knew of the rounding corner south of the intersection which turned to the right. On cross-examination she admitted she thought the road on which she was traveling just prior to the accident was a through highway and that it was protected by a stop sign. In addition the following questions and answers appear in the record as a part of plaintiff's cross-examination:

"Q. Isn't it a fact, as I understand Mrs. Hatch to say, there was nothing to prevent her going on east and making the turn east there? A. I suppose, but a person doesn't usually think of those things.

"Q. That is about the only reason you know of why she didn't turn? A. We were going north.

"Q. The question is as to you folks, if you hadn't mistakenly assumed that you were on a through highway and that he was going to stop, the accident wouldn't have occurred, except for that mistake? A. I don't suppose.

"Q. You are satisfied it wouldn't, aren't you? Isn't that right? A. I suppose.

"Q. And from the time you said, 'Oh' there, something like 150 feet south of the intersection, you just left the matter in Mrs. Hatch's hands? A. That is right."

Mrs. Hatch, the driver of the automobile in which plaintiff was riding, also testified as a witness. Her testimony was to the effect she first saw defendant when she was 150 to 165 feet south of the intersection; that at that time he was traveling from 20 to 25 miles per hour and she was driving between 30 and 35 miles per hour; that she saw defendant's car from that time on and could have stopped her car in about 60 feet but did not do so because she thought she was on a through highway and had the right-of-way; that as soon as she learned defendant was not going to stop she applied her brakes, that they took hold right away and left skid marks on the highway for a distance of 40 to 42 feet south of the

place where the collision occurred; that as she entered the intersection she was on her own side—or the right side of the highway—and that her car struck the right side of defendant's car. Mrs. Hatch also knew of the turn to the east and frankly stated she could have made such turn and thereby avoided the accident but that she did not do so because she had planned on going on north. Touching plaintiff's contributory negligence this witness stated she and the plaintiff both saw defendant at the same time and that plaintiff said "Oh" and nothing more. On cross-examination she testified that if plaintiff had told her defendant's car was likely to go on across the intersection and had asked her to stop her car that she would have stopped.

At the outset it must be conceded that from our legion of reported negligence cases there may be found decisions in which something has been held or said that can be construed as tending to support the respective positions of each of the parties to this appeal. Even so it must be remembered that every negligence action depends upon the factual situation disclosed by the record on which it is decided and that other decisions are of little value as legal precedents unless, as rarely occurs, the governing facts and circumstances are similar. This case is no exception. From our examination of the numerous authorities cited by diligent counsel for each of the parties we fail to find any decision which would warrant us in deciding the instant case on the basis of the factual situation therein involved. Therefore we shall make no attempt to review such decisions or distinguish them.

There are, of course, certain fundamental principles of law applicable to negligence actions generally which must be given consideration in every negligence action in order to determine whether the facts of the particular case involved warrant or preclude recovery. We therefore direct our attention to rules particularly applicable under the facts and circumstances of the case at bar.

That a plaintiff's negligence, or his contributory negligence, will bar him from recovery in an action for damages sustained in an automobile casualty and that a demurrer to his evidence should be sustained where either negligence or contributory negligence clearly appears from his evidence cannot be questioned. (*Dolloff v. City of Wichita,* 147 Kan. 63, 75 P. 2d 221; *Crowder v. Williams,* 116 Kan. 241, 226 Pac. 774; *Hanabery v. Erhardt,* 110 Kan. 715, 205 Pac. 352; *Houdashelt v. State Highway Comm.,* 137 Kan. 485, 21 P. 2d 343;

*Moler v. Cox,* 158 Kan. 589, 149 P. 2d 611.) This, we may add, is the rule regardless whether the plaintiff is the driver of, or a guest in, one of the automobiles involved in the accident. See *Curtiss v. Fahle,* 157 Kan. 226, 139 P. 2d 827, which holds:

"Although the negligence of a driver is not imputed to a guest, or passenger, it nevertheless is the duty of a guest, or passenger, to exercise reasonable care for his own safety and, where he has the same opportunity as a driver to observe the dangerous conditions and circumstances and fails to take any precautions whatsoever for his own safety until it is too late, he is guilty of contributory negligence which bars recovery." (Syl. ¶ 5)

For other decisions adhering to the rule announced in the decision last cited see *Henderson v. National Mutual Cas. Co.,* 164 Kan. 109, 187 P. 2d 508; *Ferguson v. Lang,* 126 Kan. 273, 268 Pac. 117; *Naglo v. Jones,* 115 Kan. 140, 222 Pac. 116; *Sharp v. Sproat,* 111 Kan. 735, 208 Pac. 613; *Bush v. Railroad Co.,* 62 Kan. 709, 64 Pac. 624.

When the evidence in this case is tested by the rule announced in *Curtiss v. Fahle,* supra, and in the other decisions just cited, we have little difficulty in concluding the trial court did not err in sustaining the demurrer to plaintiff's evidence. Summarized, plaintiff's own testimony discloses that she looked and saw defendant's car approaching the intersection. She knew that he was not looking in the direction of the car in which she was riding and she observed that he did not slow down as he neared and her car approached the intersection. Notwithstanding, except for the exclamation "Oh" which she made when she first saw the defendant's car at a distance of 150 feet from such intersection she sat idly by, choosing to rely upon the ability of her driver to avoid a collision and her belief there was a stop sign at the intersection which would cause defendant to stop, and without protest, remonstrance or other overt act, permitted her driver to drive the automobile in which she was riding into the intersection and collide with defendant's automobile. Such evidence in our opinion, under the rule and the decisions to which we have heretofore referred, clearly convicts plaintiff of contributory negligence which bars her recovery as a matter of law even though it be assumed defendant's negligence was a concurrent cause of the unfortunate incident which resulted in her injuries.

It necessarily follows the trial court's action in sustaining the demurrer to plaintiff's evidence and in rendering judgment against her for costs of the action must be affirmed.

It is so ordered.

SMITH, WEDELL and PRICE, JJ., dissenting.