### TINKER v. BOSTON INS. CO.

No. 14404—Opinion Filed Dec. 4, 1923.

Rehearing Denied March 3, 1925.

**1. Insurance—Accident Policy—Automobile "Collision" — Liability for Damage to Car.**

Water and land are objects within the meaning of the law of accident insurance policies. An automobile which runs into either or both collides with an object, and where an automobile is precipitated over a chasm in the highway caused by a washout, and the damage to the machine was caused by a collision with the bottom or the further bank of the chasm, such collision comes within the terms of an accident insurance policy which does not limit indemnity to collisions with an upright or perpendicular object.

**2. Same—Agreed Statement of Facts.**

Where an agreed statement of fact in the record discloses a collision as above set forth, such collision is an accidental collision within the terms of a policy of accident insurance, and the insurance company is liable for the amount of damages specified in the stipulation of facts.

**3. Same — Judgment Reversed and Rendered.**

Record examined, and held, that judgment of trial court is contrary to law, and judgment rendered against insurance company on stipulated facts in amount disclosed thereby.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Lela B. Tinker against Boston Insurance Company of America, of Boston, Mass. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Wilson, Murphey & Duncan,, for plaintiff in error.

Geo. B. Rittenhouse and F. A. Rittenhouse, for defendant in error.

Opinion by LYONS, C. This cause was submitted to the trial court upon certain stipulated facts which are as follows:

"It is hereby stipulated and agreed by and between the attorneys of record for the plaintiff and the defendant in open court, that the facts in this case are as follows:

"(1) That the defendant issued the policy of insurance upon which this suit is brought and that 'Exhibit A' in plaintiff's original petition is a true and correct copy of the original policy of insurance issued by the defendant insurance company to the plaintiff and the consideration therefor, paid by the plaintiff to the defendant, was the sum of $172.40.

"(2) That the accident and injury to plaintiff's automobile occurred at the time and in the manner as alleged in plaintiff's original and amended petition; that said automobile was traveling at the rate of about thirty to thirty-five miles an hour; that there was a washout in the road about thirty-five feet across and fifty feet deep; that plaintiff ran off the edge of the washout into the chasm caused by the washout; that in falling the car struck the opposite bank of the chasm a considerable distance below the level of the roadbed upon which plaintiff's car was then being driven.

"(3) That the damage to plaintiff's car

caused by said accident amounts to $687.40. That before the expiration of sixty days from the date of said accident the defendant denied any liability to the plaintiff by reason of the accident and injury to plaintiff's automobile and refused to pay her any sum whatsoever for the damage to her automobile.

"Thereupon both sides rest and the cause is submitted to the court upon the above stipulation of facts.

"The above and foregoing is all the evidence offered, introduced or received at the trial of said cause, and is all of the evidence in said cause."

The clause of the insurance policy under consideration is as follows:

"In consideration of an additional premium of $127 and subject to all conditions of this policy, the perils insured against hereunder are extended to include accidental collision; Excepting: (1) Loss or damage to any tire, due to puncture, cut, gash, blowout or other ordinary tire trouble; and excluding in any event loss or damage to any tire unless caused in an accidental collision which also causes other loss or damage to the insured automobile; (2) Loss or damage occurring while the automobile insured is engaged in any race or speed contest or while being operated by any person under the age limit fixed by law or in any event under the age of sixteen years.

"The amount recoverable for accidental collision under this endorsement shall not exceed the actual cash value of the property at the time of any loss or damage, but shall not be limited by the amount of insurance * * * in the policy to which this endorsement is attached. * * * Form to attach to and form a part of Policy No. 95775, of the Boston Insurance Company, Boston, Mass., issued at its Pawhuska, Okla., Agency, June 30th, 1922. R. S. Tolson, Agent."

The statement in plaintiff's petition referred to in said agreed statement of fact is:

"Louis M. Tinker was driving said Buick automobile at the rate of about thirty miles per hour from Denver, Colorado, to Colorado Springs, Colorado, and was a distance of about thirty miles north of Colorado Springs when said roadster car plunged across a chasm about fifty feet deep across said road and collided with the opposite bank of said chasm and precipitated to the bottom thereof."

The trial court held that the facts did not disclose a collision within the meaning of the insurance policy, and denied the plaintiff any relief.

The defendant in error contends that the judgment is correct "because the collision occurred after the laws of gravity had taken possession of the car and while it was falling."

We think the defendant in error's contention and the judgment of the trial court are squarely contrary to the decision of this court in the case of Columbia Insurance Company v. S. N. Chatterjee, 93 Okla. 249, 219 Pac. 102. The court in that case states:

"The weight of opinion is that water and land are objects within the meaning of the law of accident insurance policies, and an automobile which runs into either or both, collides with an object. Howard G. Harris v. American Casualty Co., Reading, Pa. (N. J.) 44 L. R. A. (N. S.) 70, 85 Atl. 194, 32 Amer. & Eng. Anno. Cases 1914D, page 846; 14 R. C. L. 1273, section 450; Berry on Damages (3rd Ed.) section 1743; Babbitt on Motor Vehicles (2nd Ed.) 788; Southern Casualty Co. v. Johnston (Ariz.) 207 Pac. 987; Universal Service Co. v. American Insurance Co. (Mich.) 181 N. W. 1007, 14 A. L. R. 183."

In the case of Harris v. American Casualty Co. (N. J.) 44 L. R. A. (N. S.) 70, cited with approval by this court, supra, the following language is used:

"Suppose a person driving an automobile along a road comes to a place where a highway bridge over a chasm had fallen away, and the machine be precipitated to the ground below, can it be said that there could be no recovery under such a policy as is here sued on, because the damage to the machine was caused by collision with the flat earth, instead of some upright or perpendicular object on the earth? We think not. To hold that there could be no recovery under such circumstances would be to misconstrue terms of a contract concerning which there is no room for construction, because the meaning is perfectly plain."

The facts in this case are squarely within the principle of law enunciated in the foregoing statement. It is plain, therefore, that the defendant in error's contention is contrary to the clear and unconditional terms of the policy.

The defendant in error attempts to read a condition into the policy which has not been written into it. We would not be justified in making a contract for the parties.

The judgment of the trial court is reversed, with directions to render judgment for plaintiff for the amount of damage stated in the agreed statement of facts.

By the Court: It is so ordered.