No. 37,436

HOWARD MASON, *Appellee*, v. ROBERT BANTA, *Appellant*.

(201 P. 2d 654)

Opinion filed January 22, 1949.

*George K. Melvin,* of Lawrence, argued the cause, and *Arthur C. Popham, Tom Thompson, Arthur C. Popham, Jr., Sam Mandell* and *Samuel D. Trusty,* all of Kansas City, Mo., were with him on the briefs for the appellant.

*James L. Postma,* of Lawrence, argued the cause, and *D. S. Hults,* of Lawrence, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action in which the plaintiff, a guest in an automobile, sought to recover damages from the defendant, owner and operator of the automobile, for injuries sustained under circumstances later set forth. The defendant's demurrer to the plaintiff's amended petition was overruled and in due time he perfected his appeal to this court.

Omitting formal parts, plaintiff in his petition alleged that defendant was the owner of a certain automobile and on March 11, 1947, at about 8:00 p. m., plaintiff and another person were riding as guests of the defendant, who was driving the automobile on a road three miles north of Lawrence; that the country roads on which the parties were riding extended eastward from a named highway for a distance of about one-fourth of a mile and then made a sharp curve to the north and up a hill; that midway between the highway and the curve was a one-way bridge; that the road was gravelled from the highway to a point several feet east of the bridge and the remaining portion was graded and the roadbed was composed of earth and clay and that the driving width was approximately twelve feet; that at the time rain was falling and had been falling for some time prior thereto and the road was slick, slippery and muddy, and because of the night and the condition of the weather, visibility was limited. Plaintiff further alleged that the defendant had previously traversed the road, knew of its nature and had knowledge of the danger involved in driving at a high rate of speed over said road under the conditions stated, and despite such knowledge and in disregard thereof and with a complete indifference to the consequences for those riding with him, of his own safety, or of others who may have been traversing the road, defendant wantonly drove his automobile at a speed of approximately forty-seven miles per hour; that at two times during the ride from Lawrence the plaintiff urged defendant to slacken his speed and that the defendant failed, neglected and refused to reduce his speed; that the driving of the automobile at the above rate of speed under the conditions constituted gross and wanton conduct; that because of the manner of driving, the defendant was unable to control the automobile and to negotiate the curve and as a result drove the automobile into a ditch, causing injuries to the plaintiff, the extent of which need not be detailed. Plaintiff further alleged that his in-

juries were the natural and probable consequence of the "gross and wanton negligence" of the defendant. His prayer for damages followed.

Concededly the plaintiff attempted to state a cause of action under the automobile guest statute (G. S. 1935, 8-122b). Under the allegations of his petition and for present purposes that statute reads:

"That no person who is transported by the . . . operator of a motor vehicle, as his guest, . . . shall have a cause of action for damages against such . . . operator for injury, . . . unless such injury . . . shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

Since the enactment of that statute in 1931 there have been numerous decisions in which the construction of the statute was involved, and our attention is directed to many of them. It is observed that in successive cases review has been made of preceding ones and no good purpose is to be subserved by doing so again. It is also observed that the meaning of the phrase "gross and wanton negligence" has been under discussion in cases not arising under the above statute.

One of the latter type of cases is *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822, where it was contended that defendants could not avail themselves of plaintiff's contributory negligence, because of their own "gross and wanton negligence." With reference to that phrase it was there said:

". . . .that the use of those words standing alone is a mere conclusion (*Blosser v. Wagner,* 144 Kan. 318, 59 P. 2d 37) and that their use does not strengthen the facts alleged (*Root Grain Co. v. Livengood,* 151 Kan. 706, 100 P. 2d 714) and if the petition alleges gross and wanton negligence, it is by reason of facts showing gross and wanton negligence." (l. c. 664.)

In that case wantonness was defined thus:

"To constitute wantonness, the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. If the actor has reason to believe his act may injure another, and does it being indifferent to whether it does or not, he is guilty of wanton conduct." (Syl. ¶ 5.)

In *Leabo v. Willett,* 162 Kan. 236, 175 P. 2d 109, this court affirmed a ruling sustaining a demurrer to a petition, the allegations of which are quoted in the opinion. In that case it was said:

"In order to render the operator of a vehicle liable in damages under our guest statute his conduct must be such as to denote conscious or intentional misconduct from which injury to someone is likely to result and with a reckless disregard of such consequences." (Citing seven cases.) (l. c. 238.)

In the recent case of *Elliott v. Peters,* 163 Kan. 631, 185 P. 2d 139, this court affirmed a ruling of the trial court sustaining a demurrer to a petition. In that case the plaintiff, to avoid a possible and anticipated defense of contributory negligence, charged that the defendant was guilty of reckless, gross and wanton negligence or conduct. Although the factual condition was much different, reference to that opinion will show that the allegations there made are in essence about the same as those made in the case at bar. In his brief appellee seeks to avoid the effect of the cited case and *Leabo v. Willett,* supra, by contending that in those cases the acts complained of were dangerous and results not only likely but inevitable, but the driver did not know catastrophe was imminent, while in his case the driver knew the conditions and realized that a catastrophe was imminent, a situation not obtaining in those cases. The distinction to be made is somewhat tenuous. For one to be negligent it is not necessary that he foresee injury in the precise form in which it occurs nor because the injury is greater than he anticipates. See *Frazier v. Cities Service Oil Co.,* supra, syl., ¶ 2, and corresponding part of opinion on page 661 and authorities cited. Assuming negligence in any of the three cases, the actor is guilty. Whether that negligence is actionable is the question.

In *Elliott v. Peters,* supra, reference is made to all but one of the cases cited in the briefs, and reference is made to the review therein. The excepted case is *Sayre v. Malcom,* 139 Kan. 378, 31 P. 2d 8, where this court considered a petition under the guest statute, and held it did not state a cause of action. Although more fully stated in that opinion this court held that in substance the petition charged only that the driver approaching a culvert, negligently took his eyes off the road and continued to drive without observing where his car was going. It veered to the side of the road and into a culvert. The court did note that there was no allegation of purposely driving into the culvert with reckless disregard of consequences to the guests and indifference to whether he injured them. It was held that only negligence was charged.

A situation quite comparable to that now · presented was considered in *Donelan v. Wright,* 148 Kan. 287, 81 P. 2d 50, where a judgment had been entered for the defendant on special questions

and the plaintiff appealed. This court affirmed. Briefly stated plaintiff and others attended a dance at a club east of Solomon. Defendant invited plaintiff and others including his sweetheart to ride to Salina some miles to the west. It was midnight and while defendant was driving at a rate of from forty to forty-five miles he turned off his headlights and before reaching Solomon a collision was averted under circumstances mentioned in that opinion. Plaintiff expressed a wish that defendant would turn on his lights and defendant's sweetheart repeatedly protested against the defendant's driving without lights before they reached Solomon. No protest was made after they passed through Solomon but about a mile west of Solomon defendants' car collided with another car coming from the west with the result that plaintiff, as well as other persons, received injuries. Two questions were involved in the appeal: (1) Was the conduct of defendant such as to make him guilty of gross and wanton negligence under the statute under consideration, and (2) was plaintiff guilty of contributory negligence? With respect to the first question the court reviewed some of our authorities and said that they lead to the conclusion that to constitute wantonness so as to permit recovery under the statute, the conduct must be such as to evince a willingness that harm might result, or a reckless unconcern that plaintiff might be injured, and to hold that defendant was guilty we would be compelled to say that defendant was willing to injure himself and his sweetheart and to wreck his automobile, and we could not reach that conclusion. Although noting it was unnecessary to a decision, the court considered at some length the matter of contributory negligence, and reviewed some of our decisions, reference being made thereto, but the general tenor of which is that if the driver so operates his car there is obvious danger the passenger must remonstrate and take precautions for his own safety, and if necessary he must ask for an opportunity to leave the car; that if the danger increases the need of the guest to take measures for his own safety becomes more imperative and if he does nothing his negligence is of the same grade as that of the driver and he cannot recover.

Bearing in mind the allegations concerning the parties, the road and its condition, and the weather, the essence of plaintiff's petition is that defendant had traveled the road and knew of its nature, had knowledge of the danger of driving an automobile thereon at a high rate of speed, during the nighttime when rain was falling and the

road was slippery, but despite such knowledge and in disregard thereof and of the safety of himself and his guests, he drove the automobile at a speed of approximately forty-seven miles per hour and was unable to control it and to negotiate a curve in the road, and drove it into the ditch, injuring the plaintiff. Those are the facts pleaded as to defendant's negligence. In addition we note the allegation "that at two times during said ride from Lawrence, Kan., the plaintiff urged the defendant to slacken his speed; that the defendant failed, neglected and refused to reduce his speed." Although spelled out in somewhat different language and in more detail than in some of the cases this court has previously considered, we are of the opinion those allegations do not meet the test and that facts are not stated, as distinguished from conclusions of opinion, sufficient to show that defendant was guilty of gross and wanton negligence. Even though it be said that the allegations met such a test, they further show that plaintiff was aware of the situation and that he urged defendant to reduce his speed, but he did not further remonstrate, ask for an opportunity to leave the car nor take any other precaution for his own safety. While ordinarily contributory negligence is an affirmative defense which must be pleaded and proved by the defendant, where the petition discloses the plaintiff's failure to use due care for his own safety, the defendant may properly demur. See *Leabo v. Willett*, supra. In *Donelan v. Wright*, supra, some of our authorities dealing with due care of a plaintiff are considered, including *Naglo v. Jones*, 115 Kan. 140, 222 Pac. 116, where it was said that if the driver runs his car recklessly and thus encounters an obvious danger, it is the duty of the invitee to take precautions for his own safety and he must remonstrate, and if necessary ask for an opportunity to leave the car, and *Koster v. Matson*, 139 Kan. 124, 30 P. 2d 107, where it was said that if the guest does not take measures for his own safety, "his negligence is of the same grade as that of the driver's negligence, and he cannot recover."

We conclude that plaintiff's petition did not state a cause of action against the defendant under G. S. 1935, 8-122b, and that the trial court erred in not sustaining defendant's demurrer to the petition. The trial court's ruling is reversed and the cause remanded with instructions to sustain the demurrer.