No. 38,615

F. A. Moffet, *Appellee,* v. Kansas City Fire and Marine Insurance Company, *Appellant.*

(244 P. 2d 228)

Opinion filed May 10, 1952.

*Charles Keith Saylor,* of Topeka, argued the cause, and *H: K. Allen* and *L. M. Ascough,* both of Topeka, were with him on the briefs for the appellant.

*Harold E. Doherty,* of Topeka, argued the cause, and *G. Clay Baker,* of Topeka, was with him on the briefs for the appellee.·

The opinion of the court was delivered by

WEDELL, J.: The plaintiff, F. A. Moffet, brought an action on an insurance policy issued by the Kansas City Fire and Marine Insurance Company, a corporation, to recover for the loss of a combine, resulting from an alleged collision, for punitive damages and attorneys' fees.

Defendant appeals from an order overruling a motion leveled against the amended petition and from a subsequent order overruling its demurrer thereto.

The amended petition will be separated into pages 1 and 2 in order to conform to appellant's motion. Page 1 of the petition reads:

"(1) Comes now the plaintiff and for his cause of action against the defendant alleges:

"(2) That plaintiff is a resident of Shawnee County, Kansas, with his correct post office address at Route No. 1, Berryton, Kansas.

"(3) Defendant is a corporation duly organized, existing and doing business under and by virtue of the laws of the State of Missouri, with authority to do business as an insurance corporation in the State of Kansas.

"(4) That defendant is organized for the purpose of writing fire insurance in the State of Kansas, as well as other insurance.

"(5) That on May 19, 1949, in consideration of the premium, the defendant issued to plaintiff its renewal policy number SP 95287, whereby it agreed to insure a certain combine, a 1937 Model 22 International, Serial No. 2237229, of the plaintiff. A copy of said policy is hereto attached, marked plaintiff's Exhibit 'A'.

"(6) Plaintiff further alleges that on the —— day of July, 1949, the defendant issued its endorsement to the above attached policy, whereby it insured said combine for collision coverage, except that from each claim for loss or damage by collision, the amount of $50.00 shall first be deducted and whereby the 25 mile limitation endorsement was taken off the machine and no limitation is made as to the distance the machine could travel. That plaintiff cannot attach a copy of said endorsement because he does not have one

and the defendant and its agent, the Wanamaker Insurance Agency, have refused and refuse to furnish plaintiff with a copy of said endorsement, but the defendant has a copy in its possession and has full knowledge of the terms."

Page 2 of the petition reads:

"(1) Plaintiff further alleges that he cannot state the name of the agent or individual who is connected with the Wanamaker Insurance Agency who issued and signed said endorsement but alleges that the defendant has full knowledge and information.

"(2) Plaintiff further alleges that he has fully complied with all conditions of the policy but nevertheless the defendant has refused to pay plaintiff.

"(3) Plaintiff further alleges that on or about the 23rd day of September, 1949, while enroute from Starkweather, North Dakota, to Berryton, Kansas, and near Alma, Nebraska, while the combine of plaintiff was being moved, it struck a chuck hole in the road, became disengaged from the truck which was towing it, and crashed into a bank by the side of the highway, rolled over on its side, thereby twisting, bending and demolishing said combine.

"(4) Plaintiff further alleges that as a result of the collision, the combine was totally demolished and was damaged beyond repair.

"(5) Plaintiff further alleges that at the time the combine was wrecked it was reasonably worth the sum of $1300.00 and that by the terms of the policy and endorsement, Plaintiff is entitled to recover the sum of $1250.00.

"(6) Plaintiff further alleges that after the collision plaintiff notified the defendant by calling the agent, the Wanamaker Insurance Agency at Topeka, Kansas, and that he was informed that the loss was being referred to their adjuster and that he should leave the combine at Alma, Nebraska, and that the defendants would take care of the same.

"(7) Plaintiff further alleges that he has complied with all the terms of the policy but notwithstanding this, the defendant has wilfully and wantonly refused to pay him for the damages suffered.

"(8) Plaintiff further alleges that such acts on the part of the defendant, in refusing to pay plaintiff, have been willful and malicious and are for the sole purpose of causing him undue hardship and vexation and because of the defendant's malicious acts, the plaintiff is entitled to recover the further sum of $3500.00 as punitive damages.

"WHEREFORE, this plaintiff prays that he be given judgment against the defendant in the sum of $4750.00 plus a reasonable allowance for his attorneys' fees."

Appellant moved the court to make an order:

"1. Striking from plaintiff's petition Paragraph 4, page 1, the following 'for the purpose of writing fire insurance', for the reason it has no bearing on this present suit for collision damage, and is put in solely for bolstering up that part of the prayer for the recovery of attorneys' fees.

"2. Striking out from plaintiff's petition Paragraph 6, page 2, for the reason that it is not admissible as evidence and infers settlement negotiations.

"3. Requiring plaintiff to state what he has complied with, as alleged in

Paragraph 7 of page 2 of plaintiff's petition, by setting out the specific acts, or, in the alternative, by striking said paragraph from said petition.

"4. Requiring the plaintiff to set out facts upon which the plaintiff alleges in Paragraph 7, page 2, of plaintiff's petition that defendant has willfully and wantonly refused to pay him, or in the alternative, to strike out said paragraph from plaintiff's petition.

"5. By striking out from page 2 of plaintiff's petition, paragraph 8, for the reason that said paragraph is a conclusion of law and not admissible as evidence, and no facts are set out in said pleading to support said allegation, and for the further reason, on the facts stated, punitive damages are not recoverable as a matter of law, or in the alternative, to require plaintiff to set out the facts supporting said allegations.

"6. Requiring plaintiff to state whether or not the defendant, or its agent, ever delivered a copy of the alleged endorsement to plaintiff, as set out in Paragraph 6, page 1, of plaintiff's petition.

"7. To strike from plaintiff's petition all the prayer except the sum of $1,250.00, and to strike the portion praying for allowance of attorneys' fees, for the reason that said attorneys' fees are not recoverable in collision cases as a matter of law."

The motion was overruled in its entirety. Appellee contends a ruling on such a motion is unappealable. The contention is too broad. A motion to make definite and certain or to strike rests in the sound judicial discretion of the trial court and is not appealable unless it affects a substantial right and in effect determines the action. (*Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469; *Gibson v. Bodley*, 156 Kan. 338, 133 P. 2d 112; *Billups v. American Surety Co.*, 170 Kan. 666, 228 P. 2d 731.)

Although the foregoing is the ordinary rule there is another equally well established rule which cannot be ignored in ruling on a demurrer after a pleading has been attacked properly by motion. Where a petition is properly attacked, at least in part, as to some material portion by motion to make definite and certain and later by motion to strike the same indefinite features thereof, and both motions are successfully resisted by plaintiff, the rulings on such motions will be considered in connection with a subsequent order overruling a general demurrer. In ruling on such a demurrer the petition is subject to critical analysis and is strictly construed against the pleader. (*Gibson v. Bodley*, supra, Syl. ¶ 2.) The rule of strict construction, however, has no application where a pleading, or such part thereof as is attacked by a motion to make definite and certain, is sufficient and the motion is properly overruled. In other words a pleading is not rendered subject to strict construction on

demurrer by reason of a previously overruled unmeritorious motion. (*Henderson v. National Mutual.Cas. Co.,* 164 Kan. 109, 187 P. 2d 508; *Powell v. Powell,* 172 Kan. 267, 239 P. 2d 974.)

Applying these various rules we shall first consider the petition with a view of determining if it stated sufficient facts to constitute a cause of action for the fundamental relief sought, namely, compensatory damages only, and whether appellant's motion was meritorious as to that particular part of the petition.

The policy was made a part of the petition. It provided coverage for damages resulting from "collision" and the following additional provision was written into the policy:

"Collision, except that from each claim for loss or damage by collision, the amount of 50.00 shall first be deducted."

The petition, among other things, in substance, alleged: The combine at the time of the collision was reasonably worth about $1,300; it was totally demolished and plaintiff was entitled to recover $1,250.

Appellant contends the chuckhole in the pavement was the proximate or legal cause of the loss without which the combine would not have upset; this policy does not provide coverage for damages due to an "upset" under the circumstances alleged and that there was *no collision.*

We think the real question is whether the striking of the embankment by the combine constituted a collision. The parties admit this court has not had occasion to rule on the precise question. Although there is some respectable authority to the contrary which appellant asks this court to follow we believe the more logical and better reasoned decisions hold the striking of the embankment constituted a collision. (*Interstate Casualty Co. v. Stewart,* 208 Ala. 377, 94 S. 345; *St. Paul Fire & Marine Ins. Co. v. American Compounding Co.,* 211 Ala. 593, 100 S. 904; *Pred v. Employers Indemnity Corporation,* 112 Neb. 161, 198 N. W. 864; *T. C. Power M. C. Co. v. U. S. Fire Ins. Co.,* 69 Mont. 563, 223 Pac. 112; *Rouse v. Fire & Marine Ins. Co.,* 203 Mo. App. 603, 219 S. W. 688; *Tinker v. Boston Ins. Co.,* 106 Okla. 206, 233 Pac. 1058; *Harris v. Am. Casualty Co.,* 83 N. J. L. 641, 85 A. 194; *Southern Casualty Co. v. Johnson,* 24 Ariz. 221, 207 Pac. 987; *Haik v. United States Fidelity & Guaranty Co.,* 15 La. App. 97, 130 S. 118; *Lepman v. Employers L. A. C.,* 170 Ill. App. 379; *Fogarty v. Fidelity & Casualty Co.,* 120 Conn.

296, 180 A. 458.) See, also, anno. 105 A. L. R. 1426, and previous annotations therein cited.

It has been held the word "collision" is not confined to the striking of moving objects and that an embankment adjacent to a highway is embraced in a policy which provides for collisions "with another automobile, vehicle or object." (See above cases.) In the instant policy the word "collision" is in nowise limited or restricted to a collision with any particular thing. Here there was a striking together, a violent contact or meeting of the combine and the embankment. The embankment constituted an obstruction in the line of movement of the combine. We think a collision resulted.

In citing the above cases it must not be inferred we thereby necessarily approve all that is said in the opinions. We approve those decisions insofar as they are authority for holding the instant occurrence constituted a collision.

Viewed solely as an action for compensatory damages we think the various paragraphs of appellant's motion were without substantial merit and were properly overruled. As to that particular relief the petition was not subject to strict construction on demurrer. It stated a cause of action for compensatory damages and with respect to that relief the demurrer was properly overruled.

But what about the ruling on appellant's motion and demurrer with respect to punitive damages? The petition was predicated on breach of contract, a refusal to pay the insurance. As a general rule, damages for breach of contract are limited to pecuniary loss sustained. According to the overwhelming weight of authority exemplary or punitive damages are not recoverable in actions for breach of contract in the absence of independent tort or wrong causing additional injury and in a few other situations not present here. (15 Am. Jur., Damages, §§ 272, 273; 25 C. J. S., Damages, § 120; Restatement, Contracts, Vol. 1, § 342; anno. 84 A. L. R. 1345.)

The making of a contract is, of course, a legal right enjoyed by everyone. No man is denied the legal right to break a contract but in so doing he makes himself liable for the consequences in such damages as are the natural result of his act. (*Holland v. Spartanburg Herald-Jour. Co.*, 166 S. C. 454, 165 S. E. 203, 84 A. L. R. 1336.)

In the instant petition no tortious act is alleged to have been committed in connection with the alleged breach of contract. The petition alleges no facts disclosing appellant "willfully, wantonly and maliciously" refused to pay the insurance. We have often said

the use of such descriptive words, standing alone, is not a substitute for essential allegations disclosing wanton and malicious conduct and constitutes a mere conclusion of the pleader. (*Blosser v. Wagner,* 144 Kan. 318, 59 P. 2d 37; *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822; *Mason v. Banta,* 166 Kan. 445, 447, 201 P. 2d 654.) A demurrer admits only·facts well pleaded. It concedes neither naked nor erroneous conclusions. (*Tillotson v. Fair,* 160 Kan. 81, 86, 159 P. 2d 471; *Johnson v. City of Galena,* 163 Kan. 713, 186 P. 2d 96; *Linquist v. City of Lindsborg,* 165 Kan. 212, 218, 193 P. 2d 180.)

The substance of paragraphs 4 and 5 of appellant's motion is a request for an order to strike the words "willfully, wantonly and malicious" or in the alternative that appellee be required to allege facts disclosing such conduct. Appellee successfully resisted both features of the motion. The motion should have been sustained. Mere refusal to pay insurance cannot constitute wanton or malicious conduct when, as here, an actual controversy exists with respect to liability on the policy. If this were not the rule punitive or exemplary damages could be recovered in every action involving a refusal to pay an insurance policy. Appellant's subsequent demurrer did not admit the conclusion that payment of insurance was maliciously or wantonly refused. The demurrer pertaining to punitive damages should have been sustained.

Appellee argues no prejudice results to appellant from a failure to strike the conclusions in the petition relative to wanton and malicious conduct and if the facts on the trial do not establish such conduct the error may be remedied later. The contention ignores sound rules of pleading. In this state the right to have redundant or irrelevant matters stricken from a pleading is expressly granted by statute to the party prejudiced thereby. (G. S. 1949, 60-741.) Moreover failure of a party to exercise this statutory right constitutes a waiver of his right to object to such allegations after joining issues thereon. (*Sheldon v. Board of Education,* 134 Kan. 135, 138, 4 P. 2d 430.)

Appellant also complains of the court's failure to strike paragraph 4 of page 1 of the petition and all reference in the prayer to attorneys' fees. As already indicated ordinarily a ruling on a motion to strike is not appealable. We have considered the court's rulings on such portions of appellant's motion as subsequently became material in the ruling on the demurrer. The ruling on the part of the motion pertaining to attorneys' fees is not involved in the ruling on

the demurrer. It is in nowise material on the question whether the petition states a cause of action for recovery of compensatory or punitive damages and is not presently an appealable order.

The cause is remanded with directions to proceed in harmony with the views herein stated.