Allen Gesslein, a minor, by Andrew Gesslein and Mary Gesslein, his parents, natural guardians and next friends, *Appellee,* v. Walter Britton, *Appellant.*

No. 39,175

Mary Gesslein, *Appellee,* v. Walter Britton, *Appellant.*

No. 39,176

Andrew Gesslein and Mary Gesslein, *Appellees,* v. Walter Britton, *Appellant.*

No. 39,177

Andrew Gesslein, *Appellee,* v. Walter Britton, *Appellant.*

(266 P. 2d 263)

Opinion filed January 23, 1954.

*Paul L. Wilbert,* of Pittsburg, argued the cause, and *A. B. Keller* and *Randall D. Palmer,* both of Pittsburg, were with him on the briefs for the appellants.

*Walter B. Patterson,* of Fort Scott, argued the cause, and *Sylvan Bruner, L. M. Resler* and *Morris Matuska,* all of Pittsburg, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: These four consolidated appeals are from orders overruling motions to strike certain portions of the amended petitions and overruling demurrers to the amended petitions in actions to recover for personal injuries resulting from a collision of two automobiles.

The parties concede that the pleadings are substantially identical and that a decision in one case will govern the other three, and we therefore proceed to a discussion of case No. 39,174.

The amended petition alleges that defendant, being under the influence of intoxicating liquor while driving his automobile on a public highway, suddenly, and without giving any warning or signal, turned and drove his vehicle to the left side of the highway and into the path of the automobile in which plaintiff was riding. It is further alleged that:

"4. Defendant was guilty of negligence in the operation of said automobile as follows:

"(a) While under the influence of intoxicating liquor, defendant at said time and place drove his automobile in violation of and contrary to G. S. 1949, 8-530.

"(b) In failing to drive said automobile on the right or East half of said highway as provided by G. S. 1949, 8-537 and in violation of said statute.

"(c) In failing to give a signal of intention to turn left continuously for 100 feet prior to the turning of his automobile as provided by G. S. 1949, 8-547 and. in violation of said statute.

"(d) In failing to have said automobile under proper control so as to have avoided turning said automobile to the left to the wrong side of the highway and into the path of and into the automobile in which plaintiff was riding."

It is then alleged that as a result of the four above quoted acts of negligence plaintiff suffered severe personal injuries, the details of which, for our purposes, need not be mentioned.

Paragraph 6 of the amended petition then alleges:

"6. At said time and place, said defendant, while under the influence of intoxicating liquor and without regard to the safety of plaintiff, wrongfully, wantonly and recklessly drove his automobile upon the wrong side of the high-- way and into and against the automobile in which plaintiff was riding, by which plaintiff is entitled to punitive damages in the sum of $5,000.00."

The prayer is for recovery in a total amount of $15,000.

Defendant filed a motion to strike from the body of the amended petition the general allegation that defendant "was under the influence of intoxicating liquor," all of subparagraph (a) of paragraph 4, *supra*, relating to driving while under the influence of intoxicating liquor, and all of paragraph 6, *supra*, in which plaintiff attempts to set up a cause of action for punitive damages.

This motion to strike was overruled in its entirety.

Defendant then filed a demurrer to the amended petition, the body of which reads:

"1. The Amended Petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against said defendant.

"2. The Amended Petition does not state facts sufficient to state a cause of action for punitive damages in favor of said plaintiff and against said defendant.

"3. The Amended Petition shows that the plaintiff is not entitled to recover punitive damages from the defendant."

This demurrer was overruled in its entirety, and defendant has appealed from such ruling, as well as from the adverse ruling on his motion to strike.

At the outset we take note of plaintiff's motion to dismiss the appeal based on the ground that ordinarily the overruling of a motion to strike is not an appealable order, and that the demurrer in question, being in reality a special demurrer, is to be treated as the equivalent of a motion to strike, and therefore an order overruling the same is also not appealable. However, in view of concessions made at the time of oral argument, and contentions in the briefs, we will, without further discussion, consider the appeal.

Defendant concedes that the amended petition states a cause of action for negligence and therefore the first ground of his demurrer, *supra*, is not good. Numerous contentions are made by both parties with reference to the merits of the motion to strike and the second and third grounds of the demurrer, but as we view the pleadings and arguments the entire matter narrows down to the one question— whether the allegations of the amended petition state a cause of action for punitive damages. In other words, do the allegations of paragraph 6, quoted *supra*, state a cause of action for punitive damages?

It is to be noted that earlier in his amended petition plaintiff alleges four grounds of negligence in paragraph 4, quoted *supra*, and then alleges that by reason of those acts of negligence he sustained injuries. In other words, those four acts—driving while under the influence of intoxicating liquor; driving on the wrong side of the highway; failing to give a signal of intention to turn; and failing to have his vehicle under proper control—are pleaded as the proximate cause of the collision and resulting injuries.

Then, in paragraph 6, as a cause of action for recovery of punitive damages, it is alleged that defendant, while under the influence of intoxicating liquor and without regard to plaintiff's safety, wrongfully, wantonly and recklessly drove his automobile upon the wrong side of the highway and into the car in which plaintiff was riding— thereby entitling him to punitive damages.

Are those allegations (in paragraph 6), standing alone, sufficient

to state a cause of action for punitive damages? We think they are not.

It has been held many times that the use of descriptive words such as willful, wanton, wrongful, reckless and malicious, standing alone, is a mere conclusion; is not a substitute for essential allegations disclosing that type of conduct; that their use does not strengthen the facts alleged, and that if a petition alleges such type or degree of negligence it is by reason of *facts* showing such negligence. (*Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 664, 157 P. 2d 822; *Mason v. Banta*, 166 Kan. 445, 447, 201 P. 2d 654; and *Moffet v. Kansas City Fire & Marine Ins. Co.*, 173 Kan. 52, 57, 58, 244 P. 2d 228.)

If we understand plaintiff's argument correctly it is that the mere statement that defendant was driving while under the influence of intoxicating liquor is sufficient to allege a course of gross and wanton negligence entitling him to punitive damages, and that to hold otherwise is to give to drunken drivers free rein to roam the highways of this state without being subject to liability for punitive damages, over and above actual damages and prosecution for law violation. We think this contention is an overstatement, and particularly so as applied to the pleading under consideration. No one condones the act of driving an automobile while under the influence of intoxicating liquor, but, that is not the question here. Nowhere does plaintiff allege that defendant's being under the influence of intoxicating liquor caused him to drive on the wrong side of the road, caused him to fail to give a warning or signal of his intention to turn, and caused him not to have his vehicle under proper control. And, as stated in the decisions cited *supra*, the mere use of descriptive words such as "wrongfully, wantonly and recklessly," standing alone, is insufficient to allege a cause of action for punitive damages. *Facts* showing gross and wanton negligence must be alleged, and plaintiff has not done so. The most that can be said is that plaintiff makes the act of driving while under the influence of intoxicating liquor one of the four grounds of *negligence* as a basis for recovery of *actual* damages.

The court holds that the allegations of paragraph 6 of the amended petition are insufficient to state a cause of action for punitive damages, and that to that extent the demurrer should have been sustained. A like ruling is made in each of the other three cases.

SMITH, J. (dissenting): I dissent. In the first place, I do not think the appeal should be entertained. It is actually an appeal

from an order refusing to strike matter from the petition. We have always up to now held such orders are not appealable. (See *Hendricks v. Wichita Federal Savings & Loan Ass'n,* 157 Kan. 651, 143 P. 2d 780, and many authorities there cited.) The rule is so well settled and so universally recognized as to require no further citations. In fact, no rule is cited much more often than the converse of the above, that an order sustaining a motion to strike is appealable when it is tantamount to a demurrer. Every time such a rule is cited it accentuates the fact that an order overruling a motion to strike is not final and is not appealable. We said in *Hendricks v. Wichita Federal Savings & Loan Ass'n,* supra:

"But the converse of such ruling has no such consequence. The overruling of a motion to strike may leave some surplus, immaterial or redundant matter in the pleading, but it does not strip the pleader of his cause of action or defense."

Counsel for defendant in order to even make a show of being here used a devise of inserting a hitherto unknown ground in his demurrer. First, he demurred on the ground—

"1. The Amended Petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against said defendant.

"2. The Amended Petition does not state facts sufficient to state a cause of action for punitive damages in favor of said plaintiff and against said defendant.

"3. The Amended Petition shows that the plaintiff is not entitled to recover punitive damages from the defendant."

It is practically conceded that the first ground of the demurrer is not good. That is to say no one argues that the amended petition did not state a cause of action. The statement of appellant in his brief is:

"Appellant claims that the amended petitions of the appellees do not state causes of action in favor of the plaintiffs and against the defendant for the following reasons: The amended petitions did not state facts sufficient to constitute a cause of action for punitive damages in favor of said plaintiffs and against said defendant in any of the above entitled actions and the amended petitions of the plaintiffs showed that the plaintiffs were not entitled to recover punitive damages from the defendant."

A demurrer is a creature of the statute. (See G. S. 1949, 60-705.) That statute provides as follows:

"The defendant may demur to the petition only when it appears on the face either: *First,* that the court has no jurisdiction of the person of the defendant, or the subject of the action. *Second,* that the plaintiff has no legal capacity to sue. *Third,* that there is another action pending between the same

parties for the same cause. *Fourth,* that several causes of action are improperly joined. *Fifth,* that the petition does not state facts sufficient to constitute a cause of action."

With the first four grounds we have no concern here. The fifth is—

"That the petition does not state facts sufficient to constitute a cause of action."

That is all the grounds there are for a demurrer to a petition. There are no others. There is no provision in the statute for basing a demurrer on the ground that the petition does not state a cause of action for punititve or any other element of damages. The petition either states a cause of action or it does not. The defendant by this subterfuge of putting such a ground in his demurrer has secured an adjudication of this court on an order of a trial court overruling a motion to strike.

If this is to be the policy of this court our docket will be loaded with appeals from such orders. I do not think the appeal should have been entertained.

In the second place, I think the motion to strike was correctly overruled. No motion to make definite and certain was directed at this amended petition. Under such circumstances it should be liberally construed in favor of the pleader. I think a reasonable interpretation of the allegations of the amended petition is that the defendant was driving while intoxicated and on account of being in such a condition wrongfully, wantonly and recklessly drove his automobile on the wrong side of the highway. I cannot imagine any more wrongful or reckless course of conduct than to be driving an automobile on the highway while intoxicated. I actually feel that this decision will have the effect of condoning drunken driving on the highway. I know my brothers do not intend such a construction. I am thinking, however, of what the practical result will be.

The appeal should not have been entertained. Since it was entertained, the judgment should have been affirmed.