No. 40,853

WALTER O'BRIEN and VERA O'BRIEN, *Appellees*, v.
CARROLL D. JONES, *Appellant*.

(326 P. 2d 257)

Opinion filed June 7, 1958.

*Norbert R. Dreiling*, of Hays, argued the cause and was on the briefs for the appellant.

*D. A. Hindman*, of Stockton, argued the cause, and *Stanley Krysl*, of Stockton, was with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by defendant from the trial court's order overruling his demurrer to plaintiff's second amended petition.

Defendant assigns as error, in addition to the error of the trial

court in overruling his demurrer, an order overruling an extensive motion to make definite and certain and to strike, but because of his failure to include this in his notice of appeal, the order cannot be considered on appellate review. One of the latest of our many decisions on this particular point is *Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 305 P. 2d 849, where it was stated that rulings not particularly specified in the notice of appeal present nothing for appellate review.

Thus the only question remaining to be determined is the correctness of the trial court's order overruling the defendant's general demurrer to plaintiffs' second amended petition (hereinafter called petition). Highly summarized, the material portions of the petition filed by plaintiffs, as the surviving parents and next of kin of Floyd William O'Brien, were that on May 19, 1956, defendant, an experienced automobile driver and a regularly employed high school teacher for the full 1956 school year held a stag party for the senior boys of Plainville High School at his apartment in Plainville. Previously invited, the boys, including plaintiffs' son Floyd, began arriving at the party shortly after 7:30 p. m. Defendant served beer of 3.2 or more alcoholic content and punch containing alcohol or fermented spirits, the percent thereof plaintiffs were unable to state, but which was known to defendant. The boys and defendant spent the evening playing records and their conduct was rather hilarious. They drank the beer and punch in an amount plaintiffs were unable to state, but this was within the knowledge of defendant. Shortly before 11:00 p. m. defendant invited, or consented, to take six of the boys, including Floyd, to Hays, Kansas, in defendant's 1955 Mercury automobile. Defendant, while his emotions were stimulated by drinking beer and punch, and by the spirit of the party until he was in a reckless and daring mood, commenced driving south from Plainville on U. S. highway No. 183 with the six boys as his guests. Plaintiffs did not know and were unable to state the non-business purpose of the trip to Hays for which no consideration was paid or agreed to be paid by Floyd for the trip or transportation. Approximately six-tenths of a mile south of the Rooks-Ellis county line at the top of a long hill the highway goes downgrade and contains curves from a southwesterly direction to the east and then south for an additional six-tenths of a mile.

Defendant was in complete charge and operation of the auto-

mobile, had driven this particular portion of the highway many times, and was thoroughly familiar therewith. At the county line remarks by some of the six boys about the speed of the car were made, which plaintiffs were unable to state, but they are well known to defendant. Thereupon defendant became angry, irritated or possessed with the idea of showing off his automobile's speed regardless of the consequences. He accelerated and continued acceleration of the speed of his automobile until a short distance after passing the top of the above-mentioned hill when the speed reached 110 miles per hour. Part of the way down the hill defendant overtook and passed, without reducing his speed, an automobile pulling a trailer. With reckless, gross and wanton negligence, and in total disregard for his passengers' safety, particularly Floyd, and with complete indifference and unconcern for the probable consequences of his wrongful act or for the safety of other persons, particularly Floyd, defendant continued the speed of 110 miles per hour until he lost control of the automobile. Notwithstanding his driving experience, knowledge of the curves and the downgrade in the highway, defendant knew his passing of the automobile and trailer and attempting to negotiate the last curve at such speed would result in a wreck, and injuries or death to his passengers. As a proximate result of his reckless, gross and wanton negligence defendant lost control of his automobile at or near the last or southernmost curve, the automobile upset, and Floyd was instantly killed.

The petition further alleged that Floyd did not protest defendant's driving, because the accelerated speed was for such a short period of time that he did not realize or appreciate the danger; that with the late model heavily-loaded automobile and with Floyd not driving, he could not, with certainty, judge the speed thereof; because of the teacher-student relationship and the unwritten disciplinary and courtesy rules enforced by Plainville Rural High School, which are in accordance with rules existing generally in Kansas high schools, Floyd was extremely reluctant to protest defendant's acts; and Floyd had full trust and confidence in defendant, his teacher, and did not think he would unduly endanger his life or limbs. The allegations of the amount of damages are omitted herefrom as they are not necessary to a determination of this appeal.

In considering the trial court's ruling on this demurrer we must consider together all the allegations of the petition. It is not proper to segregate allegations and determine their sufficiency without regard to the context of the whole pleading. (*Elliott v. McKenzie,* 180 Kan. 344, 304 P. 2d 550.) This is the third pleading filed by plaintiffs in complying with orders of the trial court and we must presume, as we said in *Weltmer v. Mathis,* 182 Kan. 70, 72, 319 P. 2d 165, that plaintiffs have pleaded all that it is possible for them to plead. The trial court apparently so considered the petition and concluded further by its ruling that a cause of action under our guest statute (G. S. 1949, 8-122b) was properly stated against the defendant.

Many authorities are cited by the parties but they do not present an answer to the situation confronting the court in this appeal. Defendant points out that Floyd made no protest and it is quite apparent from all the allegations of the petition that he is correct in that particular contention. However, what do we find was alleged? The speed of the car was alleged to have been accelerated to a top speed of 110 miles per hour and while defendant had started to accelerate at the county line which was 1.2 miles back from the point of the accident, the top speed was not attained until after the car started downgrade in the last six-tenths mile from the point of the accident. Thus Floyd had less than six-tenths of a mile to remonstrate and, as stated in the petition, he did not have time. From a realistic standpoint, had he remonstrated most vociferously, defendant could not have reacted quickly enough to have slowed the speed and safely negotiated the curve at the bottom of the hill after passing the car pulling the trailer. A Mercury automobile is generally accepted to be a rather heavy car and here there was the additional weight of a number of passengers. When such a vehicle so loaded is propelled at a speed of 110 miles per hour in the light of the other circumstances of passing and swinging back to attempt to make the curve, it would be futile to try to conceive of any other result occurring than that which the petition alleged. In view of all that has been said, in addition to other allegations contained in the petition regarding defendant's knowledge of the road, he was bound to know that danger was imminent and his conduct in failing to heed that knowledge indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his

action. This is the same conclusion reached in *Long v. Foley,* 180 Kan. 83, 91, 299 P. 2d 63, where definitions of the terms of the guest statute are set out and many authorities discussed. We can see no useful purpose in further enlarging upon the sufficiency of the petition and we are constrained to conclude that it alleges a cause of action as required by the guest statute.

Judgment affirmed.