No. 41,698

PHILLIP J. TUMINELLO, a Minor, by and Through His Mother, Natural Guardian and Next Friend, Lynell Tuminello, *Appellee*, v. HAROLD L. LAWSON, a Minor, *Appellant*.

(352 P. 2d 1057)

Opinion filed June 11, 1960.

*R. L. White*, of Pittsburg, argued the cause, and *R. L. Letton* and *J. Curtis Nettels*, both of Pittsburg, were with him on the briefs for the appellant.

*Morris Matuska*, of Pittsburg, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal under our guest statute (G. S. 1949, 8-122b) is from the orders of the trial court overruling defendant's demurrer to plaintiff's evidence and defendant's motion for a directed verdict following the close of defendant's evidence. The trial court discharged the jury because the members could not agree upon a verdict and declared a mistrial.

On July 26, 1957, plaintiff, who was approximately nineteen years of age, was admittedly a guest passenger in the seventeen year old defendant's 1949 Chevrolet; they had been working on the same farm and were proceeding east on West Twentieth Street in Pittsburg, Kansas, on their way to their respective homes to have lunch; the road was an eighteen foot wide blacktop pavement and was in poor repair, rough, and wet due to previous rain and the fact that it was sprinkling at the time; when they approached two concrete bridges about two blocks apart defendant was traveling sixty miles per hour; after traversing the first bridge, defendant accelerated the speed of the car to seventy miles per hour, the car hit a rough spot in the blacktop, he lost control of the car, the back started skidding around, defendant fought the steering wheel, applied his brakes, and "laid down" ninety-one feet of skid marks to the point where the front end of the car crashed into the south banister of the second bridge causing the car to spin around on the bridge and head west.

According to the testimony of the investigating highway patrolman, who made no arrest at the scene, the maximum safe speed under existing weather and road conditions was forty miles per hour although the speed limit was the state maximum highway limit of seventy miles per hour.

Plaintiff had known defendant "as a buddy" for a long time; he knew the car and that the two front tires did not have "much tread"; he knew the condition and topography of the road and that defendant was a good driver; he testified he did not remember the elevation and rough spot between the bridges and while defendant was driving sixty miles per hour, plaintiff thought he could handle the car, but after defendant accelerated to the faster speed of

seventy miles per hour and hit the rough spot, it was too late to say anything.

Defendant's two specifications of error are that the trial court erred in overruling his demurrer to plaintiff's evidence and in denying his motion for a directed verdict.

Few, if any, statutes of Kansas have been involved in as many appeals before this court as has our guest statute (G. S. 1949, 8-122b) and all have presented difficult questions.

In the recent case of *Johnson, Administrator v. Huskey*, 186 Kan. 282, 350 P. 2d 14, we had the same question as to whether the evidence adduced at the trial was sufficient under the guest statute to submit to the jury upon the issue of gross and wanton negligence. The appropriate rule determining this question in that case is also applicable here:

"If on all of the evidence adduced the admitted facts would compel a verdict in defendant's favor, the motion should have been sustained. If, however, the facts as shown by the evidence, when favorably considered, might reasonably be thought to show 'gross and wanton negligence' as those terms are defined, then the motion should be overruled and the case submitted to the jury. It is, of course, the same rule passed upon by a court upon a demurrer to the evidence. The question is should the evidence be taken from the jury as a matter of law, or is there a question of fact to be decided by the jury?" (p. 283.)

The rule governing gross and wanton negligence, or wantonness, or wanton conduct is likewise set out in the Huskey case (p. 285) and reference is there made to the decisions which were instrumental in establishing that rule. Since the wantonness rule has been stated frequently in the past and as recently as in the Huskey case, it will not be repeated herein.

Under the evidence in this case, we have two young men, who were close friends, in a hurry to get to town to have lunch at their respective homes and then to return to the farm where they were employed. Such circumstances have given rise to the very clear-cut and definite rule that *speed alone* will not satisfy the requirement under the wantonness rule. (*Perry v. Schmitt*, 184 Kan. 758, 763, 339 P. 2d 36.)

The case of *Mason v. Banta*, 166 Kan. 445, 201 P. 2d 654, presented a similar factual situation in a petition which was attacked by demurrer as is presented by the evidence here with the exceptions that there the road surface was gravel and the plaintiff had twice remonstrated with defendant to decrease the speed, but it

was there held that since the plaintiff did not further remonstrate and ask for an opportunity to leave the car, nor take any other precaution for his own safety, the demurrer should have been sustained because the petition did not state facts sufficient to constitute gross and wanton negligence under the guest statute.

We are of the opinion that plaintiff's evidence here shows nothing but speed on the part of the defendant and everything that happened was due to speed, and other circumstances present were not of sufficient import to create gross and wanton negligence, wantonness, or wanton conduct and charge defendant therewith as required in the guest statute.

This leads us to the conclusion that since it was admitted plaintiff was a guest under G. S. 1949, 8-122b and his evidence, or all the evidence, failed to satisfy the required standard to prove defendant guilty of gross and wanton negligence, wantonness, or wanton conduct, the trial court erred when it overruled defendant's motion for a directed verdict at the close of defendant's evidence.

Reversed and remanded with directions to sustain defendant's motion for a directed verdict and to enter judgment for defendant.

ROBB, J., (dissenting): I am unable to agree with the majority of the court as to the insufficiency of the evidence in this case. Plaintiff testified he did not have time to remonstrate after the increase in speed, hitting the rough spot in the blacktop, and defendant's "fighting the steering wheel," which could only mean he had lost control of the car, and thus plaintiff made no remonstrance, but neither did the plaintiff in *O'Brien v. Jones*, 183 Kan. 170, 172, 326 P. 2d 257, where, because of acceleration to an excessive speed of 110 miles per hour over a distance of six-tenths of a mile, plaintiff, as here, did not have time to remonstrate.

In *Fyne v. Emmett*, 171 Kan. 383, 233 P. 2d 496, a concurring opinion by the Honorable Hugo T. Wedell (joined in by three other Justices) made clear that the petition in that case was sufficient when it alleged intoxication of a driver, refusal to heed a passenger's request to slow down and immediately thereafter opening the throttle to the maximum capacity of the motor, and failure to guide the car, and further that a driver guilty of so acting with a realization of the imminence of danger and with a reckless disregard for the safety of his passengers, in legal contemplation, is under the guest statute.

From the Perry and Huskey cases it appeared there had been a definite standard fixed whereby speed, standing alone, would not be a sufficient allegation under the guest statute irrespective of how fast it might be because speed constitutes only negligence, and when other facts or circumstances were attendant which invoked the wantonness rule, then something more than negligence was present but it was yet short of malice or willfulness, and that such case was not to be determined as a question of law but was to be submitted to the trier of the fact. My opinion is that in addition to the element of speed there are substantial facts and circumstances such as wet blacktop, which was conducive to skidding and did not furnish any element of friction for braking purposes, sprinkling rain, front tires with very little tread so as to handicap the application of brakes to the front wheels and slight elevations and rough spots which from plain logic would contribute to or cause skidding of the automobile. I believe these are sufficient to require submission of the case to the jury and the order of the trial court should be affirmed.

WERTZ, J., joins in the foregoing dissenting opinion.