No. 40,226

BYRON ELLIOTT and GRETHELL ELLIOTT, *Appellees*, v. JAMES McKENZIE and EDWIN McKENZIE, *Appellants*.

(304 P. 2d 550)

Opinion filed December 8, 1956.

*J. B. McKay,* of El Dorado argued the cause, and *James B. McKay, Jr.,* of El Dorado, was with him on the briefs for the appellants.

*Harold G. Forbes,* of Eureka, argued the cause, and *Thos. C. Forbes,* and *George Forbes,* both of Eureka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for wrongful death. Defendants appeal from an order of the trial court over-ruling their demurrer to plaintiffs' amended petition.

The allegations of the amended petition pertinent to the questions here involved may be summarized: Plaintiffs Byron and Grethell Elliott were the father and mother of Larry Elliott who lost his life on December 19, 1954, at the age of fifteen years, while a guest in an automobile owned by defendant Edwin McKenzie, and being driven by defendant James McKenzie, Edwin's son, a minor over sixteen years of age at the time of the accident. The petition further alleged Edwin was the owner of a 1954 Chevrolet sedan which he furnished defendant James for the purpose of transporting him to and from school; that the brakes on the car were defective and would lock when applied, which fact was known to both defendants; that the road over which James drove, leading from defendants' home to the city of Virgil, was a narrow township road approximately eighteen feet wide with loose gravel surface. It was a winding road with right angle turns and followed the natural contours of the terrain with abrupt rises and falls, all of which were well known to defendants by reason of having lived for years in the locality and traveled daily over and across the road. Due to the road condition, defendants were fully aware that it was impossible to travel it safely at a speed greater than thirty miles an hour.

It was further alleged James was a careless and reckless driver in that he daily drove the automobile with defective brakes over the described road at speeds in excess of seventy miles an hour, when he knew he was jeopardizing the safety of his guests and others using the road, all of which was known to the father, Edwin, who nevertheless furnished the car in which he knew his son habitually invited boys in the neighborhood to ride. At approximately seven miles southwest of Virgil the described road made an abrupt rise and went over a hill. At the crest of the hill the road immediately descended and veered about twenty degrees to the right, and James knew it was impossible for him to observe another vehicle coming from the opposite direction, and that it was impossible to make the coming turn at a speed in excess of seventy miles an hour, which speed defendant James was driving, and stay on the right side of the road while rounding the turn, and that it was impossible

for him to stop the vehicle because of defective brakes, and that all these facts were known to the defendant. Regardless of this knowledge, he approached the crest of the hill and met a pick-up truck coming from the west, whereupon James applied his brakes which immediately locked, causing the car to skid sideways into the oncoming truck and resulting in the collision fatal to the deceased.

The question before this court is whether plaintiffs' petition states a cause of action under which relief can be granted under G. S. 1949, 8-122b, commonly known as the guest statute. So far as pertinent, it provides that no person who is transported by the owner or operator of a motor vehicle, as his guest, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless the same shall have resulted from the "gross and wanton negligence" of the operator of the vehicle. Since its enactment, many cases have arisen where the quoted words have been treated or defined. The rule to be used in determining whether the facts of a given case constitute "gross and wanton negligence" within the meaning of that term as used in the guest statute is no longer an open question in this jurisdiction. In the most recent case of *Long v. Foley,* 180 Kan. 83, 299 P. 2d 63, our cases were thoroughly analyzed and the rule restated, a portion of which is:

". . . a wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It might be said to include a willful, purposeful, intentional act, but not necessarily so; it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result. (p. 89.)

" '. . . it may be concluded that as to injuries inflicted, wanton conduct or wantonness comes between negligence on the one hand and willful or malicious misconduct on the other; that it is more than negligence and less than willfulness, and to constitute wantonness the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Stated in another way, if the actor has reason to believe his act may injure another, and does it being indifferent to whether or not it injures, he is guilty of wanton conduct'." (p. 90.)

For other decisions where the above rule has been quoted and adhered to, see: *MacDougall v. Walthall,* 174 Kan. 663, 257 P. 2d 1107; *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496; *In re Estate of*

*Bisoni,* 171 Kan. 631, 237 P. 2d 404; *In re Estate of Kerschen,* 176 Kan. 226, 269 P. 2d 1033; *In re Estate of Wright,* 170 Kan. 600, 228 P. 2d 911, and *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 664, 157 P. 2d 822. We find no reason to alter this rule.

Defendants state each allegation of wrongful conduct separately, and cite authority that the separate allegations do not constitute wantonness. This same argument was made in *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496, where this court reviewed many of the cases cited by defendants herein, and at page 387, we said:

"But we think it is not proper to take up the allegations of the amended petition separately and by a 'divide and conquer' process to conclude whether the amended petition stated a cause of action under the guest statute. Any pleading is to be construed in its entirety, and all of the allegations must be considered together, and it is not proper to segregate allegations from one another to determine sufficiency of a pleading. See, e. g., *Jones v. Jones,* 161 Kan. 284, 293, 167 P. 2d 634; *Wood v. Stewart,* 158 Kan. 729, 732, 150 P. 2d 331; 41 Am. Jur. 337 and 71 C. J. S. 120. Such exceptions as there are to the rule are not presently important. Although it is possible to segregate the various acts with which the appellant is charged, that segregation itself tends to minimize the over-all effect of the several acts with which he is charged and is not a proper method of approach."

Examining the amended petition in the light of the authorities just cited, without segregating one allegation from another, we are unable to say as a matter of law that these allegations, if established by proof, would be insufficient to sustain a verdict for plaintiffs against defendants. Such allegations are sufficient to show that defendant James McKenzie's conscious conduct indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his wrongful action under the circumstances alleged. Therefore, plaintiffs' petition charged him with "gross and wanton negligence" within the meaning of that term as used in the guest statute, and defendants' demurrer was properly overruled.

Defendants complain that the court erred in overruling, in part, their motion to make definite and certain and to strike. This matter was within the sound discretion of the trial court, and we find no error in the court's ruling.

Plaintiffs complain the trial court erred in striking certain matters from their petition. However, plaintiffs failed to file a cross-appeal from that order and they cannot now be heard to complain.

In view of what has been said, it is unnecessary to determine defendants' other questions presented on this appeal.

The judgment of the trial court is affirmed.