No. 40,677

ALBERT HICKERT and AMANDA HICKERT, *Appellants,* v. WILLIAM
WRIGHT, FRANKLYN D. SHIMMICK and BLEVINS S. BROOKS, d/b/a
The Brooks Motor Company, *Appellees.*

(319 P. 2d 152)

Opinion
filed December 7, 1957.

*L. F. Cushenbery,* of Oberlin, and *Kenneth Clark,* of Hill City, argued the
cause, and *W. H. Clark* and *Marion W. Chipman,* both of Hill City, were with
them on the briefs for the appellants.

*W. A. Kahrs,* of Wichita, argued the cause, and *Robert H. Nelson* and
*Patrick F. Kelly,* both of Wichita, were with him on the briefs for the appellee,
Franklyn D. Shimmick.

*Wm. B. Ryan,* of Norton, argued the cause, and *George P. Nellans,* of Norton, was with him on the briefs for the appellees, William Wright and Blevins S. Brooks.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for wrongful death brought by the parents (plaintiffs below) as the next of kin of Caroline Hickert, age 17, who was killed in an automobile accident near Atwood, Kansas.

The question presented for determination on this appeal is whether or not the district court correctly sustained separate demurrers to the amended petition on the ground that it failed to state a cause of action as to each of the defendants.

The action is brought against the appellees (defendants below): Franklyn D. Shimmick, the driver of said automobile; Blevins S. Brooks, doing business as The Brooks Motor Company, engaged in the garage business in Norton, Kansas; and William Wright, employee and agent of The Brooks Motor Company. The parties will be referred to as Shimmick, Brooks and Wright, respectively, or as plaintiffs and defendants, as they appeared below.

This action arose out of an automobile accident which occurred on U. S. Highway 36 at a point approximately one and one-half miles east of Atwood, Kansas, on October 9, 1954. The deceased, daughter of the plaintiffs, was riding as a guest in the rear seat of the 1950 Cadillac automobile being driven by the defendant Shimmick, who is charged with gross and wanton negligence as hereinafter set out in detail. The defendants Brooks and Wright are charged with ordinary negligence.

Since this appeal is based on the trial court's order sustaining the defendants' demurrers to plaintiffs' amended petition the following facts are not in dispute and are admitted by defendants for the purpose of this appeal:

In September, 1954, Wright was the employee and agent of Brooks, who was engaged in the garage business in Norton, Kansas, which business included the repairing and installing of tires on automobiles; that part of the regular and ordinary duties of Wright as such agent and employee of Brooks was the repair and installation of tires and tubes. That in September, 1954, the 1950 Cadillac automobile in which plaintiffs' daughter received fatal injuries, was taken to The Brooks Motor Company for the purpose of having a Goodrich tubeless tire, which had been leaking, on the left front

wheel repaired. That at said time, Wright removed said tubeless tire from said Cadillac automobile and inserted an inner-tube therein and the tire was then installed by Wright on said Cadillac automobile. That a tubeless tire is so constructed that it is not necessary or proper installation to use an inner-tube therein; that a tire constructed to use an inner-tube is so constructed as to allow the escape of accumulated air for the reason that with ordinary use on a moving vehicle air accumulates, is heated and expands, and then escapes from the tire; that when an inner-tube is placed in a tubeless tire, air accumulates between the inner-tube and tire when said tire is in use on a moving vehicle and that said accumulated air heats and expands but, because of the construction of said tubeless tire, cannot escape from said tire. That because of the foregoing facts, it is a dangerous practice to install inner-tubes in tubeless tires as the expansion of accumulated air which cannot escape will cause such tire to blow out or explode. That the foregoing facts are a matter of common knowledge to persons engaged in the business of repairing and installing tires on motor vehicles; that the defendants Wright and Brooks knew or should have known such facts; and their acts of inserting the tube in the tubeless tire "were careless and negligent and together with the gross and wanton negligence of defendant Franklyn D. Shimmick as hereinafter alleged, were the proximate cause of plaintiffs' daughter's death, as hereinbefore alleged."

The facts admitted by the demurrer concerning the action against the defendant Shimmick are that he knowing that the tube had been inserted in the tubeless tire, as aforesaid, and knowing, in addition that the tire was so defective it had been repaired three times, drove said Cadillac automobile, at the time and place herein stated, at a speed of at least 90 miles per hour. "That the plaintiffs' deceased daughter warned the defendant, Franklyn D. Shimmick, that he was driving too fast and requested the defendant, Schimmick, to reduce the speed of said Cadillac automobile, but the defendant, Shimmick, notwithstanding said protests, warnings and requests to reduce the speed of said automobile continued to drive at said speed until the accident occurred." That as a result of the actions of Shimmick as aforesaid, the air in said tire became heated and expanded and could not escape and the tire exploded and blew out and the Cadillac automobile overturned and rolled over and over inflicting upon the deceased fatal injuries, which caused her death on the same day.

The amended petition alleges that the defendant Shimmick's conduct was wanton, careless and grossly negligent in the operation of said automobile in the following particulars:

"(a) In driving said Cadillac automobile at the rate of ninety (90) miles per hour, after having been requested to reduce the speed of said automobile, and after having been warned that said speed was dangerous.

"(b) In driving said Cadillac automobile at the rate of ninety (90) miles per hour knowing that the same had a defective left front tire."

The plaintiffs allege that each and every act of commission and omission of the defendants as set forth in the amended petition was the joint, proximate and concurrent cause of the death of Caroline Hickert. Allegations relative to damages have been omitted since they are immaterial to the issues herein.

Defendant Shimmick attacked the plaintiffs' petition by a motion to strike, or in the alternative, to make more definite and certain. This motion was overruled except for one paragraph requiring plaintiffs to state whether Caroline Hickert was a guest or a paid passenger in the automobile which Shimmick was operating. The defendants Wright and Brooks then attacked the amended petition by a motion to make more definite and certain. This motion was overruled except as to one minor detail immaterial to relate. Defendants contend as a result of these rulings the allegations of the petition subjected to the motions and successfully resisted by plaintiffs should be strictly construed insofar as the demurrer is concerned. This is not the law.

A petition must contain a statement of the facts constituting the cause of action in ordinary and concise language, without repetition, and a demand of the relief to which the party supposes himself entitled. (G. S. 1949, 60-704.) In the construction of a petition for the purpose of determining its effect, allegations are to be liberally construed with a view to substantial justice between the parties. (G. S. 1949, 60-736.) In the event a petition, liberally construed, fails to meet the test of 60-704, *supra*, the function of a motion to make definite and certain is to require the plaintiffs to supply the defect. If such motion be successfully resisted by the plaintiffs, the petition is thereafter subject to a strict construction when attacked by demurrer. The rule of strict construction applies, however, only when a meritorious motion to make more definite and certain has been successfully resisted by the plaintiffs. (*Vitt v. McDowell Motors, Inc.*, 180 Kan. 800, 308 P. 2d 115.)

The rule of liberal construction is not altered where the trial

court has sustained a meritorious motion lodged against the petition and the plaintiffs have complied therewith. (*Allen v. Brown*, 181 Kan. 301, 310 P. 2d 923.) Further, the rule of strict construction does not apply when a motion to make definite and certain does *not* have merit and has been successfully resisted by the plaintiffs.

After carefully reviewing the motions by the defendants which attacked various allegations of the plaintiffs' petition, we are of the opinion that the trial court properly ruled the motions by sustaining the meritorious portions thereof and overruling those which had no merit. Ostensibly, what the defendants were seeking was to have the plaintiffs plead their evidence. It is unnecessary that a trial court order conclusions stricken from a pleading where such conclusions are amply supported by well-pleaded facts.

The amended petition of the plaintiffs upon all of the facts and circumstances presented by the record is entitled to a liberal construction. It is upon this basis that the foregoing facts set forth in the amended petition have been summarized.

Two questions are presented. The first is whether the amended petition states a cause of action against Shimmick under which relief can be granted pursuant to G. S. 1949, 8-122b, commonly known as the guest statute, which requires "gross and wanton negligence" on the part of Shimmick to make him liable.

The rule as to what constitutes gross and wanton negligence has been stated many times. "Gross and wanton negligence" under the guest statute has been held by many decisions to mean "wantonness." (*Stout v. Gallemore*, 138 Kan. 385, 26 P. 2d 573; *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 664, 157 P. 2d 822, and cases cited therein; and *Elliott v. Peters*, 163 Kan. 631, 635, 636, 185 P. 2d 139.) Wantonness has been defined many times and the sum total of these definitions has been given in *Bailey v. Resner*, 168 Kan. 439, 214 P. 2d 323, as follows:

". . . a wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It might be said to include a willful, purposeful, intentional act, but not necessarily so; it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result." (p. 442.)

For other recent decisions, where the above rules are adhered to

and pertinent portions thereof stated in one form or another, see *Long v. Foley,* 180 Kan. 83, 299 P. 2d 63; *Elliott v. McKenzie,* 180 Kan. 344, 304 P. 2d 550; *MacDougall v. Walthall,* 174 Kan. 663, 257 P. 2d 1107; *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496; *In re Estate of Bisoni,* 171 Kan. 631, 237 P. 2d 404; *In re Estate of Kerschen,* 176 Kan. 226, 269 P. 2d 1033; *In re Estate of Wright,* 170 Kan. 600, 228 P. 2d 911; and *Frazier v. Cities Service Oil Co.,* supra.

This court has repeatedly held that an allegation of speed alone does not constitute gross and wanton negligence. (*Mason v. Banta,* 166 Kan. 445, 201 P. 2d 654, and see *Long v. Foley,* supra.)

But the pleading must be construed in its entirety and all of the allegations must be considered together. It is improper to segregate allegations from one another to determine the sufficiency of the pleading. (*Fyne v. Emmett,* supra, and *Elliott v. McKenzie,* supra.)

The plaintiffs rely on three allegations of negligence as being gross and wanton when considered together. They are:

(*a*) In driving said Cadillac automobile at the rate of 90 miles per hour.

(*b*) In driving said automobile at such speed over the warning and protest of the decedent.

(*c*) In driving said Cadillac automobile at 90 miles per hour knowing that the same had a defective left front tire.

No effort will be made to review in detail what was said in the many cases decided under the guest statute on gross and wanton negligence, the more recent ones of which have been cited. Each case must stand upon its own footing as applied to the facts there involved. We will confine ourselves to the question whether, under all of the facts and circumstances disclosed by the allegations of the amended petition, it can be said that a cause of action for gross and wanton negligence is stated against the defendant Shimmick, after making brief reference to two cases.

In the case of *Elliott v. McKenzie,* supra, the defendant was charged with driving at the excessive speed of 70 miles per hour with defective brakes. This court held the petition stated a cause of action under the guest statute.

In *Long v. Foley,* supra, the defendant was charged with driving at the excessive speed of 70 miles per hour and running through a stop sign at an intersection. This court there held the petition stated a cause of action under the guest statute.

Examining the amended petition in the light of the authorities heretofore cited, without segregating one allegation from another,

we are unable to say as a matter of law that these allegations, if established by proof, would be insufficient to sustain a verdict for plaintiffs against the defendant Shimmick. Such allegations are sufficient to show that the defendant Shimmick's conscious conduct indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his wrongful action under the circumstances alleged. Therefore, plaintiffs' amended petition charged Shimmick with gross and wanton negligence within the meaning of that term as used in the guest statute, and defendant Shimmick's demurrer was improperly sustained.

We have not overlooked the case of *Anderson v. Anderson*, 142 Kan. 463, 50 P. 2d 995, upon which defendant Shimmick relies. It is contended that the case at bar is readily determined by this decision wherein the facts were almost identical to the factual situation here as shown by plaintiffs' amended petition. There it was charged that the defendant was operating a Buick automobile at a high rate of speed (between 65 and 70 miles per hour) and at such time the automobile was equipped with a worn-out balloon tire which was highly dangerous to the safety of the plaintiff when the car was operated at an excessive speed. The petition further alleged that the defendant was an experienced driver of automobiles and *knew the defective condition of the tire in question*, and on the morning of the accident had been expressly warned about the defective condition of the tire. The court there held that a demurrer to the evidence establishing such facts should have been sustained on the ground that driving at a speed of 65 miles per hour on a smooth road with a tire on a rear wheel which is somewhat worn does not constitute gross and wanton negligence.

There are several reasons why this decision is not controlling in the instant case. First, the speed in the case at bar is alleged to be at least 90 miles per hour while the speed there was regarded as 65 miles per hour. Second, the speed in the instant case was coupled with remonstrations by the seventeen-year-old guest riding in the rear seat of the automobile and the defendant was requested to reduce his speed but refused to do so. Third, the legal concept of gross and wanton negligence was restricted by definition in the *Anderson* case. In the *Anderson* case the court required a driver to be "so indifferent to the consequences with a realization that the catastrophe was imminent as to amount to a *willingness to injure*", (Emphasis added) citing *Stout v. Gallemore*, supra. In the case of

*Bailey v. Resner,* supra, this court in redefining gross and wanton negligence liberalized the rule stated in the *Anderson* case. In the *Bailey* case it was said: "It might be said to include a willful, purposeful, intentional act, but not necessarily so; it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result."

One other fact is noted in the *Anderson* case. The plaintiff was defendant's daughter-in-law, and had been invited by the defendant to ride in the car, together with her husband and her husband's brother and the wife of the defendant. Burch, J., speaking for the court in *Elliott v. Peters,* supra, in commenting on the *Anderson* case said a father drove the members of his family and the existing circumstances "did not demonstrate a mental attitude on the part of the defendant which was equivalent to a will to injure or indifference to injury." (p. 638.)

The second question presented is whether plaintiffs' amended petition states a cause of action against defendants Brooks and Wright.

These defendants are charged with negligence in installing an inner-tube in a tubeless tire. The demurrer by these defendants to the amended petition admits that such practice is dangerous and that the danger is a matter of common knowledge to persons engaged in tire repair. The court is at this point confronted strictly with a pleading, and is in no position on the amended petition to say as a matter of law that such practice is not negligence. Except for the disposition of this question hereafter indicated, the ultimate determination of this question would have to await proof.

Disposition of this question requires the application of facts to basic rules of negligence. Negligence is the want of ordinary care and may consist of acts of omission or acts of commission. When one does what an ordinarily prudent person would not be expected to do under the circumstances of the situation, he is said to be negligent; or when one fails to do what an ordinarily prudent person would be expected to do under the circumstances of the situation, he is said to be negligent. The right of an injured party to recover does not turn alone upon the fact that he has been injured; but such injury must have been the direct and proximate result of some act or acts of negligence on the part of the one from whom recovery is sought. In other words, the negligent act or acts of the

party against whom recovery is sought must have been the proximate cause of the injury and damage.

The rule in this state as to what constitutes "proximate cause" or "legal cause" as it is sometimes termed, is succinctly stated in the syllabi to *Shideler v. Habiger*, 172 Kan. 718, 243 P. 8d 211, as follows:

"The proximate or legal cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.

"Natural and probable consequences are those which human foresight can anticipate because they happen so frequently they may be expected to recur.

"While it is not a necessary element of negligence that one charged with negligence should have been able to anticipate the precise injury sustained, a person is not charged with all possible consequences of his negligent acts. He is not responsible for a consequence which is merely possible according to occasional experience, but only for those consequences which are probable according to ordinary and usual experience." (Syl. ¶¶ 2, 3 and 4.)

Stated in other words, before negligence can be established as the proximate cause of the injury or damage the negligence must be such that a person of ordinary caution and prudence should have foreseen that some injury or damage would probably arise from the existing negligence and could have been reasonably expected, although the specific injury or damage need not have been foreseen. (*Greiving v. La Plante*, 156 Kan. 196, 131 P. 2d 898.)

The general rule of law in negligence pertaining to a new, independent and efficient intervening cause of injury and damage is stated in 38 Am. Jur., Negligence, § 68, pp. 724, 725, as follows:

"A person's negligence is not the proximate cause of an injury which results, not from the concurrence of his negligence, as an active and efficient cause, with another cause in producing the injury, but from the intervention of a new and independent cause, which is neither anticipated nor reasonably foreseeable by the person, is not a consequence of his negligence, is not controlled by him, operates independently of his negligence, and is the efficient cause of the injury in the sense that the injury would not occur in its absence. The intervention of the new, independent, and efficient cause severs whatever connection there may be between the person's negligence and the injury. As has been aptly said: 'The intervener acts as a nonconductor and insulates the negligence.' So affected, the person's negligence is not actionable; it is the remote, and the independent intervening cause is the proximate cause of the injury. These principles are clearly applicable where the intervening cause is the act of a third person . . . An act which only furnishes the opportunity for the infliction of an injury is not the proximate cause of the injury, where the latter occurs as the direct result of some intervening force.

Thus, where a negligent act creates a condition which is subsequently acted upon by another unforeseeable, independent, and distinct agency to produce the injury, the original act is the remote and not the proximate cause of the injury, even though the injury would not occur except for the act. . . ."

These defendants contend that the intervening efficient cause of the accident in the instant case was the gross and wanton negligence alleged on the part of Shimmick and that by reason thereof the claimed negligence of these defendants is relegated to the status of a remote act. This point is well taken. (65 C. J. S., Negligence, § 111, p. 685.)

Certainly Wright and Brooks in the instant case could not reasonably have foreseen and were not bound to anticipate that Shimmick would commit an act of gross and wanton negligence. (See, *Gerber v. McCall,* 175 Kan. 433, 264 P. 2d 490; *Garrison v. Hamil,* 176 Kan. 548, 271 P. 2d 307; *Beldon v. Hooper,* 115 Kan. 678, 224 Pac. 34; *Gas Co. v. Dabney,* 79 Kan. 820, 102 Pac. 488; *Smith v. Mead Construction Co.,* 129 Kan. 229, 282 Pac. 708; and *Railroad Co. v. Justice,* 80 Kan. 10, 101 Pac. 469.)

These defendants argue that the amended petition alleges that Shimmick acted in not only a willful, wanton, grossly negligent and dangerous manner, but that his acts as alleged would almost of a certainty, if so charged, constitute a criminal offense of reckless driving as defined in G. S. 1949, 8-531.

The following rule is stated in 65 C. J. S., Negligence, § 111, pp. 699, 670:

"Defendant's negligence is too remote to constitute the proximate cause where an independent illegal, willful, malicious, or criminal act of a third person, which could not reasonably have been foreseen, and without which such injury would not have been sustained, intervenes. A person is not bound to anticipate the malicious, willful, or criminal acts of others by which damage is inflicted, . . ."

It is unnecessary to attribute criminal conduct to the defendant Shimmick to sustain the position of the defendants Wright and Brooks. It must be recognized that gross and wanton negligence is a culpable act of greater magnitude than simple negligence. It may be said that gross and wanton negligence affiliates closely with willfullness and intention to injure. This is particularly true because past decisions have held that gross and wanton negligence means "wantonness." Some criticism was expressed in these cases at the use of the word "gross" by the legislature since this state no longer distinguished between the degrees of negligence, such as

slight, ordinary and gross negligence. (*Stout v. Gallemore*, supra, and cases therein cited.)

Examining the amended petition in the light of basic rules herein stated and in the light of the authorities just cited, we hold that as between the plaintiffs and the defendants Wright and Brooks the gross and wanton negligence of the defendant Shimmick is an independent and efficient intervening cause which produced the injury resulting in the death of plaintiffs' daughter. As such it is the proximate cause of the injury and the original act of negligence of Wright and Brooks becomes the remote cause for which no liability attaches.

The plaintiffs in the instant case allege that the negligent acts claimed against Wright and Brooks were concurrent acts of negligence with the acts committed by Shimmick. Actually, such acts are not concurrent. There was a lapse of approximately one month between the claimed acts of negligence. Time alone is not sufficient to relieve a person whose negligence is the proximate cause of an injury from liability therefor, but in this case the time is of importance particularly when the gross and wanton negligence of Shimmick intervened between the original act of negligence and the injury inflicted.

It follows that the demurrer of the defendants Wright and Brooks to the amended petition of the plaintiffs was properly sustained and the demurrer of the defendant Shimmick was improperly sustained. The judgment of the trial court is affirmed as to the defendants Wright and Brooks and reversed as to the defendant Shimmick.