No. 42,967

Larry D. Saunders, *Appellee*, v. Eldon Shaver, *Appellant*.

(378 P. 2d 70)

Opinion filed January 26, 1963.

*Herbert H. Hopper*, of Wichita, argued the cause, and *Eugene L. Pirtle*, of Wichita, was with him on the briefs for the appellant.

*E. P. Villepigue*, of Wichita, argued the cause, and *I. H. Stearns*, of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: Larry D. Saunders, plaintiff (appellee), brought this action against Eldon Shaver, defendant (appellant), to recover damages under the guest statute (G. S. 1949, 8-122b) for personal injuries sustained while riding in an automobile as a guest of the defendant. From an order of the trial court overruling his demurrer to plaintiff's petition defendant has appealed.

The sole question before this court is whether the plaintiff has stated a cause of action upon which relief can be claimed under the mentioned guest statute, which provides, insofar as pertinent here, that no person who is transported by the operator of a motor

vehicle as a guest shall have a cause of action for damages against the operator for injury unless the injury shall have resulted from the gross and wanton negligence of the operator of the vehicle.

The petition alleged in substance that defendant was the owner of a 1959 Triumph two-seated foreign automobile. On the evening of March 24, 1961, plaintiff and defendant were both at the home of a mutual friend, defendant volunteered to take plaintiff home, and plaintiff accepted. The defendant drove east in the city of Wichita to Hillside avenue where he turned north and continued to George Washington boulevard where he stopped for a traffic light. When the light turned green he made a left turn onto the boulevard to the northwest at a reckless and rapid rate of speed of forty miles per hour, skidding his car under continuous acceleration around the turn. Plaintiff protested and told the defendant that his manner of making the turn from Hillside avenue onto the boulevard was a dangerous way to make a turn, and, if that was the way defendant was going to drive, plaintiff wished to leave the car. The defendant continued driving on the boulevard to the intersection of Harry street where he again stopped for a traffic light. When that light turned green he drove across the street to a drive-in restaurant where they both had a cup of coffee. They then re-entered the car and drove from the restaurant onto Harry street and continued west to Washington street. A short distance before arriving at the intersection defendant drove across the center line of Harry street, consisting of two lanes, and onto the left side thereof, and upon arriving at the intersection of Harry and Washington streets, the defendant, in a reckless and daring mood and with the idea of showing off his manner of turning a corner under continuous acceleration, sharply cramped the front wheels of his car to the left to make a turn south on Washington street and continued to accelerate the car at a speed of forty-five to fifty miles per hour. The defendant lost control of his car and it skidded sideways to the west striking the west curb of Washington street with the right rear wheel approximately fifty feet south of the intersection of Harry street. After skidding and striking the curb, which threw the car back to the east, defendant failed to apply the brakes of his car nor otherwise attempted to slacken the speed of the same, but again accelerated the car to a speed of forty-five to fifty miles per hour and proceeded southwest out of control over the driveway of a filling station at the intersection, over the curb of the driveway, striking a large tree approximately fifty-eight feet south of the

point of impact with the mentioned curb. When defendant's car struck the tree it came to an instant stop and plaintiff was thrown into and against the windshield with such force as to shatter the glass thereof, and his legs and body struck the dash of said car, even though the plaintiff at the time was properly fastened with a safety belt installed in the car. Plaintiff was seriously injured in the crash.

Since the enactment of the guest statute many cases have arisen where the words "gross and wanton negligence" have been treated and defined. The rule to be used in determining whether the facts of a given case constitute "gross and wanton negligence" within the meaning of that term as used in the guest statute is no longer an open question in this jurisdiction. By many previous decisions of this court the phrase "gross and wanton negligence" has been held to mean wantonness, and this court has defined wantonness in more than a score of cases since the enactment of the guest statute in 1931, and it may be said that the sum total of these definitions reiterated in the past amounts to this: A wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result. A few of our most recent cases supporting the mentioned rules of law are *MacDougall v. Walthall*, 174 Kan. 663, 257 P. 2d 1107; *Elliott v. McKenzie*, 180 Kan. 344, 304 P. 2d 550; *Hickert v. Wright*, 182 Kan. 100, 104, 105, 319 P. 2d 152; *Dirks v. Gates*, 182 Kan. 581, 589, 322 P. 2d 750; *Hanson v. Swain*, 172 Kan. 105, 109, 238 P. 2d 517, and the many cases cited and reviewed in the mentioned authorities.

Long before the guest statute was passed this court defined wantonness in *Dildine v. Flynn*, 116 Kan. 563, 227 Pac. 340, by stating that one who drives a large, high-powered automobile along the streets of a city at such a speed that after applying the brakes for forty to sixty feet he is then traveling at forty miles per hour has such a reckless disregard for the rights and safety of others that his conduct is properly described as wanton.

Defendant next argues that the allegations of the petition are predicated upon speed alone and, therefore, do not constitute "gross

702

and wanton negligence." While speed alone is not sufficient to establish "gross and wanton negligence," it may properly be considered along with other facts and circumstances surrounding the occasion in determining whether a defendant was guilty of wantonness. (*Perry v. Schmitt,* 184 Kan. 758, 339 P. 2d 36; *Hickert v. Wright,* supra.)

Examining the petition in the light of the authorities just cited, without segregating one allegation from another, we are unable to say as a matter of law that these allegations, if established by proof, would be insufficient to sustain a verdict for plaintiff against defendant. Such allegations are sufficient to show that defendant Shaver's conscious conduct indicated a reckless disregard and complete indifference and unconcern for the probable consequences of his wrongful action in operating his high-powered automobile upon the streets of Wichita under the circumstances alleged. Therefore, plaintiff's petition charged defendant with "gross and wanton negligence" within the meaning of that term as used in the guest statute, and defendant's demurrer was properly overruled.

In view of what has been said, the judgment of the trial court is affirmed.